In the Matter of Edward J. Mooney, Respondent, against S. Howard Cohen et al., Constituting the Board of Elections of the City of New York, et al., Appellants.

(Argued October 1, 1936; decided October 6, 1936.)

*Thomas D. Thacher, Joseph P. Chamberlain* and *Laurence Arnold Tanzer* for New York City Charter Revision Commission, appellant.

*Paul Windels, Corporation Counsel (Joseph L. Weiner, Paxton Blair* and *Leonard M. Wallstein, Jr.,* of counsel), for The Board of Elections in the City of New York et al., appellants.

*Michael Potter* and *Walter M. Weis* for City Fusion Party, *amicus curiæ.*

*Jackson A. Dykman* and *Maximilian Moss* for respondent.

*Albert de Roode, amicus curiæ.*

*Stewart Browne, amicus curiæ.*

CRANE, Ch. J. That the Legislature may draft a charter or optional forms of government for cities and make their adoption dependent upon the vote of the city electorate has been determined in *Cleveland* v. *City of Watertown* (222 N. Y. 159).

That the Legislature could not heretofore submit to a city or the electorate of a city the framing of their own charter and its adoption by the vote of its citizens is and was due to the provisions of the Constitution which said: " The legislative power of this State shall be vested in the Senate and Assembly." (Art. III, § 1.)

It is because of this provision of the Constitution that this court has repeatedly held that the Legislature cannot delegate its authority and pass on its law-making functions to other bodies or communities. It cannot abdicate its constitutional powers and duties. (*Matter of Trustees of Vil. of Saratoga Springs* v. *Saratoga Gas, Elec. L. & P. Co.*, 191 N. Y. 123-145.)

However, there is another constitutional provision, known as the Home Rule provision of the Constitution, which has restricted the legislative powers of the Senate and the Assembly, and has vested power in the cities. Article XII of the Constitution provides that as to the "property, affairs or government of cities" (§ 2), the Legislature shall not pass any law which shall be special or local either in its terms or in its effect. It may pass general laws, affecting all cities alike, but it cannot pass any local

law — such for instance, as a law relating to the city of New York which touches the property, affairs or government of that city, except on emergency message. In other words, the legislative power is now limited in this particular.

What has been the result of this constitutional amendment? We have a body of laws enacted by the city authorities which are just as binding as the acts of the Legislature of the State of New York and which have been enacted under this provision of the Constitution. These are laws which affect the property, affairs or government of the city. (*Browne* v. *City of New York*, 241 N. Y. 96.) Under the old Constitution, this would have been illegal. The Legislature could not give the cities any such power as it would have been an abdication of its own duties and delegation of its functions.

The Legislature was the law-making body. This has been changed in part by the constitutional amendments. The Municipal Assembly has become the legislative body for the city of New York, and passes laws like the Legislature. For instance, the law-making body of the city of New York, the Municipal Assembly, could prepare a charter or a change in the form of city government and submit it to the people for approval under the authority of *Cleveland* v. *City of Watertown* (*supra*).

In fact, this is what section 20 of the City Home Rule Law (Cons. Laws, ch. 76; Laws of 1924, ch. 363) provides. This section deals with " a new charter " and authorizes the legislative body of a city to submit to the electors the proposition of having a Charter Commission, and if this be voted then the legislative body is authorized to submit the proposed charter to the electors for approval. The respondent finds no fault with this law, but insists, in fact it is his main point, that as the legislative body of the city has the right to submit a new charter to the electorate, the Legislature of the State has no authority to authorize a Charter Commission to do it.

The respondent overlooks the power which is reserved to the Legislature over cities. By a general law or by an emergency local law, the Legislature can change the agency for the submission of a city charter from the legislative body to a commission. The Constitution of the State provides that the legislative power of the State shall rest in the Senate and Assembly. There is no constitutional provision that the legislative body for passing ordinances or laws of a city shall rest in an assembly or a board of aldermen or any other body, and we find no such provision in the Home Rule Amendment. Section 3 of article XII gives to every city the power to adopt and amend local laws, not inconsistent with the Constitution and laws of the State, relating to many matters which are therein considered to be the property, affairs or government of the city. No limitation is here found upon the method by which these local laws shall be adopted, and no replica of the State Senate and Assembly is necessary.

The city, therefore, having the power — and it is conceded — to amend the charter, the Legislature of the State could designate the agency to exercise the power. This it has done by the law in question (L. 1934, ch. 867, amd. L. 1935, ch. 292) authorizing the Mayor to appoint a commission to revise the charter instead of having it done under the Home Rule Law, section 20, by the local legislative body.

The interpretation which the respondent places upon section 3 and section 5 of article XII of the State Constitution is entirely too rigid. The last sentence of section 3 reads: " The legislature shall, at its next session after this section shall become part of the constitution, provide by general law for carrying into effect the provisions of this section." Respondent claims that having enacted the City Home Rule Law, the Legislature could only change its provisions by other general laws, ignoring that section 2 of the same article gives the Legislature the right to pass

any law relating to the property, affairs or government of a single city where it is done upon an emergency message from the Governor, with the concurrent action of two-thirds of the members of each house of the Legislature.

Section 20 of the City Home Rule Law, relating to new charters, has thus been changed by an emergency local law relating to the city of New York, transferring the power of revision from the legislative body to a revision commission. This is not unconstitutional.

The order should be reversed and the motion denied, without costs. (See 272 N. Y. 597.)

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order reversed, etc.