In the Matter of JAMES E. FINEGAN et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants, against S. HOWARD COHEN et al., Constituting the Board of Elections in the City of New York, Respondents.

JOHN R. CREWS, as Chairman of the County Committee of the Republican Party of the County of Kings, et al., Interveners, Appellants.

Argued October 13, 1937; decided October 19, 1937.

*Paul Windels*, *Corporation Counsel* (*William C. Chanler*, *Jeremiah M. Evarts* and *Robert H. Schaffer* of counsel) for petitioners, appellants. The Election Law and the Civil Service Law have not been changed or superseded by section 1006, subdivision a, of the new charter but, on the contrary, are specifically continued in force by section 1002, subdivision b, unchanged and unsuperseded in so far as they affect the positions to which they are

applicable. (*Matter of Kane* v. *Gaynor*, 144 App. Div. 196; 202 N. Y. 615; *Matter of O'Keeffe* v. *Finegan*, 275 N. Y. 550; *Johnson* v. *City of New York*, 274 N. Y. 411.) The Legislature of the State of New York could and did authorize the city of New York to adopt a provision for electing public officers by a system of proportional representation without regard to existing general laws of the State relating to the conduct of elections or selection of election officials. (*Bareham* v. *City of Rochester*, 246 N. Y. 140; *Browne* v. *City of New York*, 241 N. Y. 96; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435; *Matter of Mooney* v. *Cohen*, 272 N. Y. 33; *Johnson* v. *City of New York*, 274 N. Y. 411.)

*A. David Benjamin* for John R. Crews, as Chairman of the County Committee of the Republican Party of the County of Kings, intervener, appellant. The directors of the count, consultants and assistants provided for by section 1006, subdivision a, of the new city charter are election officials within the contemplation of section 6, of article 2, of the State Constitution, and sections 40 to 45 of the Election Law (Cons. Laws, ch. 17). (*Matter of Kane* v. *Gaynor*, 144 App. Div. 196; 202 N. Y. 615.) The provisions of section 1006, subdivision a, of the new city charter are legally effective to permit the Municipal Civil Service Commission to conduct non-competive examinations to determine the qualification of such election officials. (*Matter of Mooney* v. *Cohen*, 272 N. Y. 33; *Johnson* v. *City of New York*, 274 N. Y. 411.)

*Gabriel L. Kaplan* for Kenneth R. Simpson, as Chairman of the County Committee of the Republican Party of the County of New York, intervener, appellant. The Legislature may provide that the qualifications of election officers shall be determined by non-competitive examination. Such election officers, despite the change in civil service classification, still must be initially nominated by the respective county chairmen of the two dominant

political parties. (*People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435.) The new city charter modifies the provisions of sections 40 to 45 of the Election Law, dealing with the method of qualifying election officers, as well as section 9 of the Civil Service Law which places all election officers in the unclassified service. (*Matter of Mooney* v. *Cohen*, 272 N. Y. 33; *Johnson* v. *City of New York*, 274 N. Y. 411.)

*Samuel D. Smoleff* for Citizens Union of the City of New York et al., *amici curiæ*. The city, having the power to adopt a system of proportional representation, logically possesses the incidental power to set up the machinery of the system, particularly in respect to functions for which the election law makes no provision. (*Johnson* v. *City of New York*, 274 N. Y. 411; *People ex rel. Werner* v. *Prendergast*, 206 N. Y. 405.) There is no conflict between the election law and the New York charter in respect to the method of selecting employees to conduct the central count of ballots in a proportional representation election. The charter creates a new and special class of employees, unknown to the election law. (*Bareham* v. *City of Rochester*, 246 N. Y. 140; *Matter of Mooney* v. *Cohen*, 272 N. Y. 33.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* and *John C. Crary* of counsel) for respondents. No clear legal duty of the Board of Elections to submit lists of names of persons, to act as proportional representation ballot canvassers, to the Municipal Civil Service Commission, can be observed in the provisions of law upon which the petitioners rely. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464.) If the canvassers be considered as employees of the Board of Elections, then they may be named or removed at pleasure by said board under section 36 of the Election Law and are thus exempt from any examination by the Civil Service Commission.

(*Story* v. *Craig*, 231 N. Y. 33; *Matter of Blondheim* v. *Cohen*, 248 App. Div. 75; 272 N. Y. 520; *Matter of O'Keeffe* v. *Cohen*, 275 N. Y. 550.) The provisions of section 1006, subdivision a, of the New York city charter are ineffective to alter, amend or supersede the general and State-wide provisions of the Civil Service Law and the Election Law and no authority vests therefrom in the Municipal Civil Service Commission of the City of New York to qualify by examination the appointees of the Board of Elections. (*Matter of Mooney* v. *Cohen*, 272 N. Y. 33; *Bank of Chenango* v. *Brown*, 26 N. Y. 467; *Cleveland* v. *City of Watertown*, 222 N. Y. 159; *Browne* v. *City of New York*, 241 N. Y. 96; *Bareham* v. *City of Rochester*, 246 N. Y. 140.)

*Per Curiam.* Article XII, section 2, of the Constitution, known as the Home Rule provision, provides that the Legislature on a message from the Governor and by two-thirds vote of the members of each house may pass any law relating to the property, affairs or government of a city. By this method the Legislature amended or revised the charter of the city of New York. This it did in effect when it passed chapter 867 of the Laws of 1934, as amended by chapter 292 of the Laws of 1935, wherein it provided for the appointment of a Commission to prepare a new charter which would become effective upon submission to and approval by the voters of the city.

In *Matter of Mooney* v. *Cohen* (272 N. Y. 33) this court decided that the charter so adopted and approved was a legal enactment and not in violation of the provisions of the Constitution.

Chapter 867 of the Laws of 1934, it must be noted, was " Passed, by a two-thirds vote, on emergency message and message of necessity." One of the provisions of this chapter reads: " * * * No provision in such charter for the election of any elective officers by any system of proportional representation shall become effective, how-

ever, unless the definite question with respect to the adoption of such system for the election of such officers shall have been separately submitted and approved at such election by the affirmative vote of a majority of the qualified electors voting thereon at the same election." The proposed new charter contained provisions for the election of elective officers by a system of proportional representation, therein set forth which read as follows:

" § 1002-b. Elections of councilmen by proportional representation shall be conducted by the election authorities prescribed by the election law, and the provisions of the election law with respect to nomination of candidates, declination of nominations, filling of vacancies, notices to candidates, objections to petitions, rulings thereon, judicial proceedings and all other matters so far as applicable shall govern except in the method of counting the votes for councilmen and except as provision is otherwise made herein."

" § 1006-a. Preparations for central count for each borough. Previous to every election at which councilmen are to be elected, the board of elections shall designate a central counting place for each borough where the ballots shall be brought together and counted publicly; shall appoint for each borough a board of two competent persons, one from each of the two political parties which, at the general election next preceding, cast the highest and next highest number of votes, to act as directors of the count for such borough; shall employ a sufficient staff of assistants for each borough, who shall likewise be selected to secure equal representation of the same two parties, and shall make suitable arrangements for the counting and recording of the ballots, subject to the provisions of this charter. The board of elections shall prepare and provide all necessary forms and equipment. All the employees for such central count shall be chosen after passing non-competitive examinations under the jurisdiction of the civil service commission, except that

the directors of the count and consultants to advise the directors of the count may be employed without such examination in the discretion of the board of elections."

This provision for the election of Councilmen by proportional representation was submitted to the People in accordance with this mandate of chapter 867 and was overwhelmingly carried as stated in our decision in *Johnson* v. *City of New York* (274 N. Y. 411), holding the provision and the adoption constitutional.

Necessarily this system of electing Councilmen by proportional representation modifies or amends the Election Law (Cons. Laws, ch. 17) in so far as its provisions are inconsistent therewith, or are supplemental thereto.

The persons appointed pursuant to section 1006, subdivision a, of the charter, now adopted, to act as directors of the count and the staff of assistants to aid in such a count or canvass are officials within the meaning of article II, section 6, of the Constitution, and must be appointed as representing the two political parties as therein designated. The new charter has in no way violated this provision nor attempted to change the Election Law in this particular. In so far, however, as the Election Law provides for a qualifying examination by the election board (See §§ 40, 41, 42) of the officials so designated by the chairmen of the two respective parties, these new charter provisions place this duty upon the Municipal Civil Service Commission.

We find nothing unconstitutional in this change. These officials to make or assist in the canvass of the vote for Councilmen must be appointed from each of the two dominant parties as designated in article II, section 6. There must be an equal number from each party — equal representation, but whereas the Board of Elections by the Election Law is to determine the qualifications in accordance with that law, this duty is now passed to the Municipal Civil Service Commission.

That the Legislature by a two-thirds vote on an emergency message could provide directly for such an examination for canvassers or election officials by amendment to the charter of the city of New York is beyond question. That it has done so by chapter 867 of the Laws of 1934 in the way above indicated seems also quite evident, and we so hold.

In the case of *Matter of O' Keeffe* v. *Finegan* (275 N. Y. 550), decided by this court October 12, 1937, there was no act of the Legislature authorizing the Municipal Civil Service Commission to conduct any qualifying examination for election officials, and we held that the matter rested under the provisions of the Election Law with the Board of Elections.

All that these provisions accomplish is this: The Election Law now provides for a qualifying examination by the Board of Elections. The Legislature by this amendment of the charter now provides for such an examination by the Municipal Civil Service Commission.

For these reasons the orders should be reversed and the motion for mandamus as prayed for in the petition granted, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., dissents.

Ordered accordingly.