MARK W. MACLAY, Plaintiff, *v.* JAMES E. FINEGAN and Others, Constituting the Municipal Civil Service Commission of the City of New York, and S. HOWARD COHEN and Others, as Commissioners of Elections, Constituting the Board of Elections in the City of New York, Defendants.

Supreme Court, Special Term, New York County, October 27, 1937.

*Gabriel L. Kaplan,* for the plaintiff.

*Paul Windels, Corporation Counsel,* for the defendants.

LAUER, J. The plaintiff, as a taxpayer, seeks to enjoin the defendants, constituting the municipal civil service commission of the city of New York, from preparing and conducting on October 27, 1937, or at any other time, any examination for the position of proportional representation canvasser, except for such candidates for such position whose names have been submitted by the respective county chairman of the Republican and Democratic parties to the board of elections in the city of New York. The municipal civil service commission has given notice of an examination to be conducted on October 27, 1937, for such position. This examination, according to the advertised notice, is to be held in two divisions; the first division to consist of the persons who have been nominated for appointment by the county chairman of the two major parties

(Republican and Democratic, respectively) in the several boroughs and submitted by the board of elections to the commission; the second division to consist of such qualified persons who, although not nominated, may duly file their application.

The notice of examination states: " If the examination of the persons in the first division results in a list of a sufficient number of qualified eligibles to fill all of the vacancies, then the list resulting from the examination of the persons in the second division will not be certified. But to meet the contingency that an insufficient number of persons in the first division will be found qualified, the commission is examining the persons in the second division, and the list resulting from this examination will be certified as qualified for such vacancies as may remain after the first division list is exhausted. Such second division list will be treated as a pre-qualified list from which appropriate party officers and election officials may select and appoint at their discretion to fill vacancies. (Such prequalification is made necessary because of the limited time remaining before the general election.) The list in each division will be separated according to party (Republican and Democratic, respectively)."

The plaintiff objects to the examination of those persons designated in the second division of the notice heretofore referred to. The objection is based upon the contention that the examination is contrary to law, a waste of public funds, an assumption on the part of the defendant, the municipal civil service commission, of powers not contemplated by the statute and as wholly unnecessary.

The Attorney-General of the State, representing the board of elections, joins in the application for the relief here sought.

The Court of Appeals has just decided in a decision rendered October 19, 1937, in the case of *Matter of Finegan* v. *Cohen* (275 N. Y. 432), that the persons appointed pursuant to section 1006-a of the New York City Charter to act as directors of the count and the staff of assistants to aid in such count or canvass are officials within the meaning of article 1, section 6, of the New York State Constitution, and must be appointed as the representatives of the two political parties as therein designated. The Court of Appeals further decided that under the new charter provisions the municipal civil service commission was under the duty, as the Election Law by sections 40, 41 and 42 provided, to conduct a qualifying examination of the officials " so designated by the chairman of the two respective parties."

Pursuant to this decision, an order was entered by the corporation counsel, who appeared on behalf of the commissioners constituting the municipal civil service commission, commanding and requiring

that the commissioners of election " forthwith obtain from the respective Chairman of the County Committee of the Democratic and Republican Parties in each county in the City of New York *a list* of persons, members of such Democratic and Republican Parties, *and such supplemental lists* as may become necessary," and commanding them further " to nominate to the Municipal Civil Service Commission of the City of New York persons whose names appeared upon the said lists so obtained for non-competitive examinations for the position of employees of the count in proportional representation for the election of councilmen."

It will be observed from this order that no examination is contemplated to be held by the commissioners constituting the municipal civil service commission of persons, other than those on a " list " or " supplemental lists " obtained from the chairman of the county committee of the Democratic and Republican parties, respectively, in each of the counties in the city of New York. Nothing is said either in the opinion of the Court of Appeals or in the order entered by the corporation counsel about the examination of any other persons than those contained on these " lists," and the order referred to is very definite as to how those lists are to be obtained, that is, from the respective chairman of the two major political parties. This provision is entirely in accord with the provisions of the Election Law on the subject of the examination as to the qualifications of election officers referred to in sections 41, 42 and 43 of the Election Law. A reading of these sections makes it very clear that the appointments of election officers are to be made from either an " original list " or a " supplemental list " of persons supplied by the political parties. Section 43, as amended by the last Legislature (Laws of 1937, chap. 244), makes this selection particularly clear. The section reads: " In the city of New York the members of the board [referring to the board of elections] charged with the duty of appointing election officers, who represent the same political party, shall be charged with the exclusive duty of selecting such officers *from the list submitted by the Chairman of the county committee* or by such person as the rules of the party may provide."

It is quite evident, therefore, that no list prepared pursuant to any examination held by the municipal civil service commission other than from a list proposed by a county chairman of a party would be of any value under the Election Law as it is framed. It follows, therefore, that the so-called examination of persons under the second division as contemplated in the notice of examination of the municipal civil service commission would be valueless. While the expense may

not be great, nevertheless, some expense is involved, and the examination, being of persons not properly qualified because not on a list supplied by the chairman of the county committee, is a useless proceeding and as such not only involves expense to the city but is unfair to those who are invited to take the examination. As stated in the affidavit submitted by the corporation counsel on behalf of the municipal civil service commission, 2,521 persons have applied for what the commission calls a pre-qualifying non-competitive examination. It is unnecessary to burden these persons with an examination under the circumstances before recited. It appears that the board of elections have submitted a list of names of applicants totalling 6,803, and the number of positions required to be filled is 1,680. So it would seem as though there were little chance of the list properly submitted through the board of elections being exhausted. If that chance should possibly occur, then a supplemental list or lists would seem to be authorized, provided those lists come from the board of elections through the chairman of the respective county committees, as provided by the Election Law.

The motion must accordingly be granted. Settle order forthwith.