In the Matter of the Application of HERMAN M. ALBERT, Petitioner, Appellant, for an Order against PAUL J. KERN and Others, as Commissioners of and Constituting the Municipal Civil Service Commission of the City of New York, and Others, Respondents.*

First Department, December 9; 1941.

---

* Revg. 177 Misc. 852.

*Sidney Sugarman* of counsel [*Fred S. Weitzner*, attorney], for the appellant.

*William C. Chanler, Corporation Counsel* [*William S. Gaud, Jr., Seymour B. Quel* and *Stanley Buchsbaum* with him on the brief], for the respondents.

PER CURIAM. Appellant, Herman M. Albert, has brought this proceeding pursuant to the provisions of article 78 of the Civil Practice Act to invalidate the adoption of Proposition No. 1, submitted to the electorate at the last general election. Appellant was elected to the office of register of Bronx county at that election. At the same election there was submitted to the voters what is known as Proposition No. 1, which reads as follows: " Shall the proposed amendment to the New York City Charter to reorganize county government by abolishing the county offices of Sheriff, Register, Register of Deeds and Registrar, creating the offices of City Sheriff and City Register, to be filled by appointment after competitive civil service examination, and assigning the functions of the offices thereby abolished to the City Sheriff, the City Register and the City Department of Correction, be approved? "

At the general election 507,350 votes were cast in favor of Proposition No. 1 and 220,092 were voted against its adoption. At the same election upwards of 2,000,000 votes were cast for candidates for the office of register in the counties of New York, Bronx, Kings and Queens, the four counties involved.

Appellant seeks to have the adoption of Proposition No. 1 declared void upon several grounds. Of the grounds urged, we believe that one in particular requires a reversal of the order as entered at Special Term and the granting of his application. As contended by appellant, we think that the amendment proposed by the

initiating petition is invalid and does not accomplish its intended purpose because of the failure to comply with section 45 of the New York City Charter. That section provides as follows: " A proposition for the submission of a local law or an amendment to this charter for the approval of the electors pursuant to this charter shall contain the title of such local law or a brief statement of the subject of such amendment. The city clerk with the advice of the corporation counsel shall prepare an abstract of such local law or amendment concisely stating the title or subject and the purpose and effect thereof, and forthwith shall transmit such proposition and such abstract to the election officers charged with the duty of publishing the notice of and furnishing the supplies for such election. *A sufficient number of copies of such abstract shall be printed, delivered with the other election supplies and distributed to the electors at the time of the registration of voters and at the election.*" (Italics ours.)

This section requires that the city clerk, with the advice of the corporation counsel, shall prepare an abstract of the local law or amendment and forthwith transmit to the election officials the abstract and the form of the proposition for submission of the amendment to the electors.

By stipulation of the parties, it appears that prior to the beginning of registration week, *i. e.,* October 6 to 11, 1941, the board of elections in the city of New York caused to be printed 1,636,400 copies of the abstract of Proposition No. 1. As it is conceded that there were more than 2,400,000 registrants for the general election, it is obvious that an insufficient number of copies were printed, and it is fair to assume that every person who appeared at the polling places did not receive a copy.

A total of 12,800 copies of the abstract, representing the difference between the total printed and the total delivered to the local boards of election, were divided among the main office of the board of elections and its five borough offices and kept on hand from the beginning of registration week until after election day. No additional copies were printed subsequent to the beginning of registration week and no copies were delivered to the local boards of election on election day. No copies were distributed to the electors on election day. The only attempted compliance with the statute was to post on election day two facsimiles of Proposition No. 1 as it appeared on the voting machines used at the election. This was far from a substantial compliance with the statute. The electors were without the aid which the abstract would have afforded them. This aid the statute made mandatory.

The adoption of laws by direct action of the voters without having the form or substance thereof considered by any representative legislative body is an exceptional procedure in this State. (See *Matter of McCabe* v. *Voorhis*, 243 N. Y. 401.) The constitutionality of such method of adopting local laws as applied to the abolition of elective county offices has not been decided in any case where the question was directly raised. In *Matter of Phillips (Hubbard)* (284 N. Y. 152) the question was presented to the Court of Appeals but was not decided as the decision of the court in the petitioner's favor on other grounds rendered the determination of the question unnecessary.

The question is whether the term " local law " in section 8 of article IX of the Constitution was intended to mean the passage of a local law by a legislative body. This was the only method in use in this State at the time that provision was inserted in the Constitution. On the other hand, was it intended by the drafters of the Constitution that the Legislature would have the power to alter the meaning of " local law " as used in the Constitution by passage of a statute providing some novel method theretofore unknown and thus to extend the Constitution to fit it to the new definition? That has been attempted in this case.

After the adoption of section 8 of article IX the City Home Rule Law of this State was amended (Laws of 1939, chap. 867) by changing the definition of " local law " to include a statute initiated by petition. The decision of the Court of Appeals in *Matter of Mooney* v. *Cohen* (272 N. Y. 33), upholding as constitutional the direct submission of the New York City Charter to the electorate, did not involve this question. The State Legislature had appointed a charter commission with authority to draw and submit a new charter. There was, therefore, consideration of the proposed charter by a deliberative legislative agency. The only question involved in the *Mooney* case (*supra*) was whether the delegation of power was in conflict with the Constitution. The decision held that it was not.

Nor was the situation the same in *Johnson* v. *Etkin* (279 N. Y. 1). The meaning of section 8 of article IX of the Constitution was not presented in that case. There, the proposed law was presented to the local legislature for consideration. Having been rejected by that body, it was thereafter presented to the electorate on a second petition. By the terms of the City Home Rule Law relating to such proceedings, over fifteen per cent of the electorate of the city involved signed the two petitions. Here, only 50,000 of more than 2,000,000 voters were required to sign petitions. No deliberate body ever considered the present statute.

While we find it unnecessary to decide the question of constitutionality, we call attention to it because we consider its statement emphasizes the importance of giving opportunity to the electorate of careful and deliberate consideration of the form of statutes suggested by initiative. The voters are the sole body having the opportunity of considering the form and the substance of the law in such cases. It, therefore, becomes far more important to comply with the requirements for distribution of informative media in a case such as the present one than it would be if a legislative enactment was being submitted by referendum.

The importance of affording the voter an opportunity to consider the substance of the proposed statute is further emphasized in the present case by reason of the fact that there was also submitted at the same time two other propositions involving the abolition of the offices of register and sheriff. Without the information contained in an adequate abstract it was impossible for the voter to make an intelligent choice between the propositions submitted.

In view of the conclusion that we have reached with regard to the point discussed, we deem it unnecessary to pass upon the many other questions presented. It follows, therefore, that the order should be reversed and the motion granted.

Present — O'MALLEY, TOWNLEY, GLENNON, COHN and CALLAHAN, JJ.

Order unanimously reversed and the motion granted.