HON. JOSEPH R. MASCARO Corporation Counsel, Utica
This is in response to the letter of Joseph J. Scarfarotti, First Assistant Corporation Counsel wherein he asks the Attorney General to interpret apparent conflicting provisions of City of Utica Local Law No. 1 of 1958, Second Class Cities Law, § 120 and General Municipal Law, § 103(1) and (4).
City of Utica Local Law No. 1 of 1958, amended Second Class Cities Law, § 120, in its application to the City of Utica. Provisions of said Local Law were essentially the same as contained in Second Class Cities Law, § 120, with the exception that the expenditures permitted without competitive bidding were increased from $500 for public works contracts or for supply of materials to $2500 for public works contracts and $1000 for supply of materials or purchase contracts. These increased figures were consistent with the then provisions of General Municipal Law, § 103.
Second Class Cities Law, § 4, provides:
 "A provision of this chapter shall apply, according to its term, only to a city of the state which on the thirty-first day of December, nineteen hundred and twenty-three was a city of the second class, until such provision is superseded pursuant to the municipal home rule law, was superseded pursuant to the former city home rule law or is or was otherwise changed, repealed or superseded pursuant to law."
In Fullerton v. City of Schenectady, 285 App. Div. 545 (3d Dept., 1955), affd. 309 N.Y. 701, rearg. den. 309 N.Y. 855, app. dsmd. 76 S. Ct. 468, 350 U.S. 980, it was stated that it was not the intent of the State Legislature that any of the provisions of the Second Class Cities Law should be beyond supersession by City Home Rule Law.
Thereafter, Laws of 1964, chapter 760 and Laws of 1970, chapter 1018 amended Second Class Cities Law, § 120 relating to the letting of contracts in case of public emergency. However, in both instances the provision permitting expenditures without competitive bidding for public works and supply of materials or purchase contracts when such contracts did not exceed $500 was retained.
General Municipal Law, § 103(1) and (4), as added by Laws of 1953, chapter 861, section 18, as amended from time to time, provides:
 "1. Except as otherwise expressly provided by an act of the legislature or by a local law adopted prior to September first, nineteen hundred fifty-three, all contracts for public work involving an expenditure of more than thirty-five hundred dollars and all purchase contracts involving an expenditure of more than fifteen hundred dollars, shall be awarded by the appropriate officer, board or agency of a political subdivision or of any district therein including but not limited to a soil conservation district, to the lowest responsible bidder, furnishing the required security after advertisement for sealed bids in the manner provided by this section. * * *
* * *
 "4. Notwithstanding the provisions of subdivision one of this section, in the case of a public emergency arising out of an accident or other unforeseen occurrence or condition whereby circumstances affecting public buildings, public property or the life, health, safety or property of the inhabitants of a political subdivision or district therein, require immediate action which cannot await competitive bidding, contracts for public work or the purchase of supplies, material or equipment may be let by the appropriate officer, board or agency of a political subdivision or district therein." (Emphasis supplied.)
In Elfvin v. City of Buffalo, 19 N.Y.2d 280 (1967), the Court held that a section of a city charter enacted by local law but derived from a prior charter containing similar provisions enacted by the State Legislature was to be treated as an act of the State Legislature.
In light of the Elfvin case, supra, City of Utica Local Law No. 1 of 1958, with the exception hereinafter noted, is to be treated as an act of the State Legislature since it re-enacted the provisions of Second Class Cities Law, § 120 and those provisions are excepted from General Municipal Law, § 103(1) and (4). The provisions of said Local Law providing for the requirement for public bidding for contracts for public works involving an expenditure of more than $2500 and purchase contracts involving expenditures of more than $1000 were not re-enactments of Second Class Cities Law, § 120 and are, therefore, not to be treated as an act of the State Legislature and since the Local Law was enacted after September 1, 1953, those requirements must yield to the provisions of General Municipal Law now specifying such amounts to be $3500 and $1500 respectively. Amendments to Second Class Cities Law, § 120, enacted by the State Legislature after the enactment of City of Utica Local Law No. 1 of 1958, no longer affect the City of Utica.
City of Utica Local Law No. 1 of 1958, provides in part:
 "* * * In case of public emergency involving accident or other injury by which the heating or plumbing of any of the public buildings or any of the fire or water-works apparatus shall become disabled, the commissioner having jurisdiction thereof shall cause repairs thereto to be made without a letting by contract, upon filing with the board of contract and supply, a certificate, approved by the mayor, showing such emergency and the necessity for such repairs. * * *" (Emphasis supplied.)
Inasmuch as the State Legislature by Laws of 1964, chapter 760 and Laws of 1970, chapter 1018 amended Second Class Cities Law, §120 relating to the letting of contracts in case of public emergency, applying the rule of pari materia, it evinced a legislative intent that General Municipal Law, § 103(4) was not applicable to cities governed under provisions of Second Class Cities Law, § 120 (see Guerriero v. Board of Contract andSupply of the City of Utica, 60 Misc.2d 22, 25 [Supreme Court, Oneida County]).
From all of the foregoing, we conclude that the City of Utica is not subject to the provisions of General Municipal Law, § 103(1) and (4) with the exception of the requirement for public bidding on contracts for public works involving an expenditure of more than $3500 and supply of materials or purchase contracts involving expenditures of more than $1500.