In the Matter of VERA SHLAKMAN et al., Appellants, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.— Appeal by six petitioners (two associate professors, three assistant professors, and one instructor, in three municipal colleges) from an order denying their application to annul a resolution, dated October 6, 1952, of respondent board of higher education terminating the employment of three of the petitioners, and a similar resolution, dated November 17, 1952, terminating the employment of the remaining three petitioners, all pursuant to section 903 of the New York City Charter. Order affirmed, without costs. In our opinion, petitioners are employees of the city within the meaning of section 903 of the New York City Charter. (*Matter of Withrow* v. *Joint Legislative Committee,* 176 Misc. 597; *Matter of Goldway* v. *Board of Higher Educ. of City of N. Y.,* 178 Misc. 1023; *Matter of Koral* v. *Board of Educ. of City of N. Y.,* 197 Misc. 221.) The charter section is applicable to a hearing before a legislative committee of the Federal Government, even though that committee is not authorized to conduct an inquiry regarding the property, government or affairs of the city, or regarding the official conduct of an employee of the city. (*Matter of Koral* v. *Board of Educ. of City of N. Y., supra.*) An inquiry into present or past membership in the Communist party is a question regarding the official conduct of a teacher within the meaning of the charter section. Nor is such an inquiry barred by the provisions of sections 25 and 26-a of the Civil Service Law. (*Matter of Rabouine* v. *McNamara,* 301 N. Y. 785.) The New York City Charter is not a local law within the meaning of section 2 of the City Home Rule Law, but an emergency local law adopted pursuant to the provisions of the then section 2 of article XII (now art. IX, § 11) of the New York State Constitution (*Matter of Mooney* v. *Cohen,* 272 N. Y. 33) and, therefore, provisions of the charter may modify or amend statutes inconsistent therewith, or be supplemental thereto. (*Matter of Finegan* v. *Cohen,* 275 N. Y. 432.) The charter provision does not abridge the constitutional privilege against self incrimination. (*Canteline* v. *McClellan,* 282 N. Y. 166; *McAuliffe* v. *Mayor of New Bedford,* 155 Mass. 216.) Adel, Schmidt and Beldock, JJ., concur; Nolan, P. J., and Wenzel, J., dissent and vote to reverse the order and to grant the application. with the following memorandum: We are in accord with the majority view that section 903 of the New York City Charter is applicable to a hearing before a Federal legislative committee, and that an inquiry into present or past membership in the Communist party is an inquiry regarding official conduct of a city officer or employee. We also agree that the charter is not a local law within the meaning of the provisions of the State Constitution and the City Home Rule Law in effect when the charter was adopted, which prohibited

cities from adopting local laws which superseded a State statute, if such local laws applied to or affected the maintenance, support or administration of the educational system in such cities. We are at variance, however, with the conclusion of the majority that section 903 of the charter authorizes the summary termination of appellants' employment, and that appellants are employees of the city within the meaning of that section. Section 903 has application only to a "councilman or other officer or employee of the city". Appellants are not councilmen, and unless they are city officers or employees, their employment may be terminated only as provided in the Education Law of the State of New York. They are not officers of the city. (*Matter of Gelson* v. *Berry*, 233 App. Div. 20; *Steinson* v. *Board of Educ. of City of N. Y.*, 165 N. Y. 431; *Munnally* v. *Board of Educ. of City of N. Y.*, 46 Misc. 477.) Neither are they employees of the city. They are employed by the respondent board, which like the board of education of the city of New York, is a corporation created by the State, entirely separate and apart from the City of New York, insofar as the administration of the educational system of the city is concerned. (Education Law, §§ 2551, 6202; *People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125; *Lewis* v. *Board of Educ. of City of N. Y.*, 258 N. Y. 117.) In the administration of the educational system, such boards are not departments of the city government (*Matter of Divisich* v. *Marshall*, 281 N. Y. 170), nor do they act as the agents of the city (*Titusville Iron Co.* v. *City of New York*, 207 N. Y. 203; *People ex rel. Wells & Newton Co.* v. *Craig, supra; Gunnison* v. *Board of Educ. of City of N. Y.*, 176 N. Y. 11.) Teachers employed in New York City contract with the board of education or the board of higher education, and not with the city. (*Gunnison* v. *Board of Educ. of City of N. Y., supra.*) The city does not hire them, nor may it prescribe their duties, or qualifications, or fix their salaries. In fact none of the usual characteristics of the relation of employer and employee exist, as betweeen the city and teachers employed in the city schools. It is apparently the majority view that it was the intention of the Charter Revision Commission to make section 903 of the charter all inclusive, so as to include within the provisions of that section all employees and officers in any way connected with the administration of the affairs of the City of New York. We are unable to agree with that view. We are dealing with language employed, not by laymen, but by a commission whose membership included able and distinguished lawyers, who were unquestionably familiar with the many pronouncements of the courts of the State to the effect that boards of education in cities were corporations separate and apart from the cities in which they existed, and who had no difficulty in stating, in plain language, when they wished to do so, the provisions of the charter which were to be applied to the boards of education and the public schools. (See New York City Charter, ch. 20.) Such boards are not without power to deal with subversive activities in the schools under the provisions of the Education Law, and under other provisions of the charter. (Education Law, §§ 2573, 6206; New York City Charter, § 526.) It is our opinion, however, that section 903 of the charter which provides for forfeiture of office or employment without notice or hearing, and which does not expressly include appellants within its terms should not be enlarged by implication or intendment beyond the fair meaning of the language used, to include persons other than those clearly described therein. The order appealed from should be reversed and the application should be granted. [202 Misc. 915.] [See *post*, p. 841.]