Walter R. Hart, J.
The above-named petitioners, employees of respondent Board of Higher Education, appeared before the Internal Security Subcommittee of the United States Senate and when questioned concerning their then or prior membership in the Communist party refused to answer certain questions, asserting the privilege against self incrimination afforded them under the Fifth Amendment of the Federal Constitution. Thereafter, in the latter part of 1952, respondent, proceeding pursuant to section 903 of the New York City Charter terminated their employment. Petitioners in November, 1952 instituted this article 78 proceeding seeking to annul the determination of the respondent. Special Term denied the application of the petitioners and dismissed the proceeding (Matter of Daniman v. Board of Educ. of City of N. Y., 202 Misc. 915). A notice of appeal was filed on behalf of all the petitioners on December 19,1952. Thereafter, on January 23,1953, petitioner Slochower retained new counsel who was formally substituted in place of his then counsel, Witt & Gammer, Esqs., who continued to represent the remaining five petitioners.
On March 16, 1953 respondent terminated the employment of six additional employees for the same reasons that the petitioners were removed. These additional employees, who will hereinafter be referred to as the stipulants, also retained Witt & Gammer, Esqs. to institute proceedings on their behalf. In April, 1953, Harold I. Gammer, Esq. initiated discussions with the corporation counsel which culminated in the execution of a stipulation in the above-captioned proceedings under date of May 20, 1953. The stipulation, after reciting that the issues of law and fact relating to the termination of employment of the stipulants are “ substantially similar to the issues of law and fact in the above entitled proceedings * * * and that no useful purpose will be served by the institution of independent proceedings * * * or by formal intervention in the above entitled proceeding,” provided inter alia:
*903 (1) The named stipulants “ shall for all purposes be considered as parties to this proceeding to the end that the final order and judgment made herein in behalf of the present parties petitioner shall apply to and benefit or bind them, as the case may be, with the same force and effect as though they were formal parties petitioner.”
(2) “ The final order to be entered herein may at the request of counsel for the petitioners or of counsel for the respondent refer to and include [the named stipulants] within the terms so that the claims for reinstatement [of the named stipulants] shall be disposed of in the same manner and upon the same terms and conditions as are the claims to reinstatement of the petitioners formally named herein.”
The stipulation was signed by Harold I. Gammer as attorney for the named stipulants and by the corporation counsel.
The appeal then pending in the Appellate Division from the order dismissing the petition was argued separately by Gammer on behalf of his group of petitioners and by Slochower’s new counsel and separate briefs were submitted. Following affirmance of Special Term by the Appellate Division (282 App. Div. 718), separate notices of appeal to the Court of Appeals were filed for Slochower and for the petitioners represented by Gammer. In the Court of Appeals, separate briefs and oral arguments were submitted for Slochower and for Gammer’s clients. The Court of Appeals affirmed (306 N. Y. 532). By order of May 12, 1954, the order of the Court of Appeals was made the order of this court.
Motions were then made in the Court of Appeals by Gammer on behalf of those petitioners he then represented and by Slochower’s counsel for reargument or to amend the remittitur. The motion was denied except that the remittitur was amended solely as to Slochower (307 N. Y. 806) so as to recite that “ Questions under the Federal Constitution were represented and passed upon by the Court of Appeals, viz., whether the rights of the petitioner-appellant Slochower to due process under the Fourteenth Amendment to the Federal Constitution were violated by the construction and application herein of New York City Charter (§ 903) ”.
Petitioner Slochower eventually prevailed in the United States Supreme Court (350 U. S. 551). The other petitioners named sought unsuccessfully to amend the remittitur (308 N. Y. 909) and subsequent to the decision in the United States Supreme Court in the Slocihower case moved in the Court of Appeals for the relief afforded Slochower by the United States Supreme Court. This application was denied (1 N Y 2d 855), Further *904 proceedings on their behalf in the United States Supreme Court were fruitless, that court refusing to entertain jurisdiction.
By order entered October 4, 1956, the Court of Appeals, on the application of Slochower, directed that the remittitur, insofar as it related to him, be amended to conform with the mandate of the United States Supreme Court and directed his reinstatement with back pay (2 N Y 2d 719). The order of the Court of Appeals was made a final order of this court on January 2, 1957.
Presently, stipulants move for an order to include within the terms of the order entered in behalf of Slochower a provision “ to the end that the determination of the Board of Higher Education terminating the employment of each of them be annulled ”. Respondent cross-moves for an order directing that the final order entered on May 12, 1954 (which made the first order of the Court of Appeals the order of this court) be resettled so as to provide that it is determinative of the rights of the stipulants.
It is evident that when the parties entered into the stipulation of May 20, 1953 by reciting therein that the issues of law and fact relative to the discharge of the stipulants were similar to the issues of law and fact in the proceeding of the “ present parties petitioner,” they did not anticipate the possibility that different results might be reached as to some of the petitioners. Each side by the instant motions endeavors to claim the benefit of that portion of the split result which would be beneficial to it.
Stipulants in support of their motion advert to an independent proceeding brought in June, 1953 by one Julius Hlvaty against respondent involving his removal by respondent for the same reason the stipulants were removed. That proceeding was not disposed of by Special Term until October, 1956 which was subsequent to the decision by the United States Supreme Court in the Slochower case and the amendment of the remittitur in that case by the Court of Appeals to conform with the mandate of the United States Supreme Court. In the interim, by order entered October 24, 1955 in this court, the petition in Hlvaty’s case had been amended nunc pro tunc so' as to raise the Federal question. Accordingly Hlvaty prevailed and his reinstatement was ordered by Special Term.
It is contended by. stipulants that their motion should be granted since any other course would nullify the stipulation and destroy their rights. It is urged that if the stipulation had not been entered into they would, within the required time, have instituted an article 78 proceeding as Hlvaty did and that undoubtedly decision would have been held in abeyance as in *905 Hlvaty’s case until the United States Supreme Court had acted and then they, too, would have been reinstated. The fact remains that no article 78 proceeding was. instituted but the stipulation was entered into, and it is this stipulation that this court is called upon to interpret.
It is also urged by stipulants in their brief that if the stipulation is not construed as requested by them, the court should treat the stipulation as a waiver of the four-month limitation provided for by section 1286 of the Civil Practice Act; otherwise they are entrapped by an illusory agreement. Stipulants fail to cite nor has the court found any authority vesting in the court jurisdiction to grant such relief. Nor is there anything in the stipulation to justify a finding that the limitation provided for by section 1286 of the Civil Practice Act was intended to be waived.
Respondent in support of its cross motion contends that at the time the stipulation was entered into it was understood that the result reached in behalf of only those petitioners represented by Cammer would govern the disposition of the claims of the stipulants. In support of this contention the affidavits submitted by the corporation counsel contain the factual recitals above set forth together with affirmative statements to the effect that this was the explicit understanding. The corporation counsel also argues with some force that if the petitioners represented by Cammer had prevailed and Slochower were unsuccessful, the stipulants would have contended vociferously and with some logic that it was never the intention of Cammer to be bound by a result reached in a case, the destinies of which he could no longer control.
Respondent also contends that the Slochower case was different since he was willing to testify as to his then present membership in the Communist party but refused to testify as to his prior associations with that organization. Since stipulants refused to testify as to their past or present membership, it is contended, the results would have been different from that reached in the Slochower case. The stipulation, however, recites that the issues of law and fact relating to the petitioners in the above-entitled proceeding and to the stipulants are substantially similar and no distinction is set forth in the stipulation as between any of the petitioners.
The stipulation is complete on its face and is free from any ambiguity, latent or otherwise. The determination of stipulants’ rights was to be settled “ in the same manner and upon the same terms and conditions as are the claims to reinstatement of the petitioners formally named herein.”
*906 The rule of law governing the interpretation of stipulations is concisely stated in Corpus Juris Secumdum (Yol. 83, Stipulations, §11): “ When the language is plain and free from ambiguity, the understanding of the parties must be ascertained from its terms, and then whatever those terms fairly imply will be deemed embraced within it. However, the courts are strongly disinclined to import into an unqualified stipulation reservations or qualifications which may readily have been inserted by the parties if such had been their intention.”
And again, in Corpus Juris Secumdum (Yol. 49, Judgments, § 173) the law is summarized, viz., “ Consent to entry of judgment implies that the terms and conditions have been agreed on and consent thereto given in open court or by stipulation, and the court has no power to supply terms, provisions, or essential details not previously agreed to by the parties.”
In Matthews v. Looney (132 Tex. 313, 317), the court stated: “It is elementary that a judgment by consent is one the term and provisions of which are settled and agreed upon by the parties, and which is entered of record by the sanction and authorization of the court. It is of course essential that the parties themselves agree upon all of the terms and provisions, and the court has no power to supply terms, provisions, or essential details not previously agreed to by the parties.”
In Edwards v. Gifford (132 S. W. 2d 155, 158 [Tex.]) the Court of Civil Appeals of Texas stated: “ Courts are entirely without authority to enter any judgment by agreement other than a judgment falling strictly within the stipulation of the parties.”
The foregoing authorities are in harmony with the New York view on the interpretation of contracts (see New York Ann., Restatement, Contracts, § 226). Courts under the guise of interpretation will not rewrite an agreement for the parties (Rosenthal v. American Bonding Co., 207 N. Y. 162; First Nat. Bank v. National Sur. Co., 228 N. Y. 469; Norcross v. Wills, 198 N. Y. 336). Accordingly, this court may not reform the agreement at the behest of respondent so as to interpolate the words “ represented by Gammer ” after the phrase “ petitioners formally named herein,” (appearing at the end of the second provision of the stipulation) nor may it rewrite that phrase, as stipulants request, to read that the stipulants were to prevail “ if any of the petitioners ” were successful. The function of the court in this proceeding is to interpret, not to reform.
The stipulation complete on its face and free from ambiguity, is an integrated agreement (Restatement, Contracts, § 226). *907 Accordingly, parol evidence as to what the parties intended, or of additional terms and provisos contemplated, is inadmissible (Restatement, Contracts, § 237; Jermyn v. Searing, 225 N. Y. 525, 540; Schweinburg v. Altman, 145 App. Div. 377, affd. 207 N. Y. 681; Thomas v. Scutt, 127 N. Y. 133; Newburger v. American Sur. Co., 242 N. Y. 134).
An identical, uniform result affecting all of the petitioners was made a condition precedent to the entry of a final order to benefit or bind the stipulants (Restatement, Contracts, § 250). The condition failing, no rights under the stipulation accrued in favor of either of the parties (Restatement, Contracts, § 257). Accordingly, the motion and the cross motion are denied. Submit order.