*434 Chief Judge Conway.
On this appeal we are called upon to answer the following question certified to us by the Appellate Division, First Department: ‘1 Was the order of the Appellate Division entered May 27, 1958, proper in denying' defendant’s motion to dismiss the amended complaint herein pursuant to Rule 106 of the Rules of Civil Practice, on the ground that it appears on the face thereof that the amended complaint does not state facts sufficient to constitute a cause of action? ”
The action is one at law in which plaintiffs, six discharged members of the instructional staff of defendant, the Board of Higher Education of the City of New York, who have not been reinstated to their positions, seek to recover damages allegedly resulting from their dismissal. The board attacks the amended complaint upon the ground that plaintiffs have chosen the wrong remedy; that as discharged employees of the defendant they have no redress for unpaid salary in an action at law and that their exclusive remedy is an article 78 proceeding. The plaintiffs, on the other hand, contend that their summary dismissal, predicated on an unconstitutional statute and ordered without a hearing, did not involve an exercise of discretion so as to limit their remedy to an article 78 proceeding.
A proper understanding of this case can be attained only by tracing its history and background.
In 1952 'and 1953, while the defendant Board of Higher Education of the City of New York and the Board of Education of the City of New York conducted investigations to eliminate subversives from their respective staffs (see Education Law, § 3022), certain teachers employed by the Board of Education and various members of the teaching staff of the Board of Higher Education, including the plaintiffs in the present action, were dismissed from their positions under the authority of section 903 of the New York City Charter after they had claimed their Fifth Amendment privilege against self incrimination in their appearances before the Internal Security Subcommittee of the Committee on the Judiciary of the United States Senate. Eight of those persons removed by the Board of Education commenced an article 78 proceeding in the Supreme Court, Kings County, seeking their reinstatement. That proceeding was entitled “ Matter of Daniman v. Board of Educ. of City of N. Y.” Six former members of the instructional staff of the *435 Board of Higher Education instituted a similar proceeding in the same court entitled “ Matter of Shlakman v. Board of Higher Educ. of City of N. Y.” The plaintiffs here were not among the petitioners in either the Daniman or Shlahman proceedings.
Special Term dismissed the Daniman and Shlahman petitions. {Matter of Daniman v. Board of Educ. of City of N. Y., 202 Misc. 915.) During the pendency of appeals by the petitioners therein, and on May 20, 1953, the plaintiffs in the action now before us entered into a stipulation with the defendant Board of Higher Education. The stipulation bore the title of the Shlahman proceeding and provided, inter alia, that plaintiffs “ shall for all purposes be considered as parties to this [Shlahman] proceeding to the end that the final order or judgment made herein shall apply to and benefit or bind them, as the case may be, with the same force and effect as though they were formal parties petitioner herein.” The attorney representing plaintiffs at the time they signed the stipulation originally represented all of the petitioners in the Shlahman proceeding.
After Special Term had dismissed the Daniman and Shlahman petitions, Harry Slochower, one of the petitioners in the Shlahman proceeding, retained other counsel to represent him upon appeal (the relevancy of this fact will appear later). Thereafter, the Appellate Division, Second Department, affirmed the determination made at Special Term (Matter of Daniman v. Board of Educ. of City of N. Y., 282 App. Div. 717; Matter of Shlakman v. Board of Higher Educ. of City of N. Y., 282 App. Div. 718). A further appeal was taken to this court. We, in turn, affirmed (306 N. Y. 532).
Following the affirmance by this court, all of the Daniman and Shlahman petitioners moved in our court for an order either (1) granting a reargument of the appeal so that certain questions of a Federal nature allegedly embraced within the original petitions might be presented to us, or (2) recalling the remittitur and amending it to recite that a question under the Federal Constitution was presented to and necessarily passed upon by this court. We denied reargument and denied the amendment to the remittitur except with respect to the petitioner Slochower. As to him, we amended the remittitur to recite that he had raised three questions of due process under *436 the Fourteenth Amendment to the United States Constitution and that we had passed upon them (307 N. Y. 806).
Separate notices of appeal were filed in the United States Supreme Court by Slochower, appearing by one counsel, and by all the other petitioners, appearing by a different counsel. The Supreme Court dismissed the appeals of all of the petitioners except Slochower for want of a properly presented Federal question (348 U. S. 933), and in the appeal of Slochower the Supreme Court noted probable jurisdiction (348 U. S. 935). On appeal, the Supreme Court reversed our determination, holding that Slochower’s removal had been in violation of his constitutional rights, and remanded the case to this court (350 U. S. 551), petition by the board for rehearing denied (351 U. S. 944). This court then amended the remittitur to carry out the decision of the Supreme Court (2 N Y 2d 719), and by order of Special Term Slochower alone was reinstated with back salary.
Pending Slochower’s appeal to the Supreme Court, all of the Daniman petitioners and all of the remaining Shlafcman petitioners made a motion in this court to amend the remittitur to show that the second of the three Federal questions listed in our memorandum (307 N. Y. 806) as having been raised by Slochower alone was. also raised by them, and to certify that other Federal questions were raised by them, or, in the alternative, to recall and retain the remittitur pending the decision of the Supreme Court in the Slochower appeal. This motion was denied (308 N. Y. 909). After the Slochower decision in the Supreme Court, the same petitioners again made a motion in this court for reargument, or, in the alternative, to amend the remittitur. That motion was also denied (1 N Y 2d 855).
Subsequently, the same petitioners moved in the Supreme Court for a rehearing which was denied. A cross motion to dismiss the appeal for want of jurisdiction was granted and a petition for a writ of certiorari to our court was denied (352 U. S. 950). Thus, all of the Daniman and Shlafcman petitioners, other than Slochower, failed in their endeavor to obtain reinstatement in their article 78 proceedings.
After Special Term had entered the final order directing Slochower’s reinstatement, plaintiffs here asserted that, under the previously mentioned stipulation, they were likewise entitled to reinstatement. Accordingly, they made a motion at Special *437 Term, Kings County, (1) for an order to include within the terms of the order reinstating Slochower a provision ‘ ‘ to the end that the determination of the Board of Higher Education terminating the employment of each of them be annulled ”, or, if the stipulation be not construed as entitling them to such relief, (2) a determination that the stipulation constituted a waiver of the four-month limitation provided for by section 1286 of the Civil Practice Act for the commencement of an article 78 proceeding. The Board of Higher Education made a cross motion for an order to the effect that plaintiffs were bound by the adverse decision in relation to the Shlakman petitioners other than Slochower because plaintiffs and the Shlakman petitioners, other than Slochower, had all been represented by the same attorney. Special Term denied both the motion of plaintiffs and the cross motion of defendant Board of Higher Education (5 Misc 2d 901). That court ruled that an identical, uniform result affecting all of the Shlakman petitioners, rather than one result affecting one petitioner (Slochower) and another result affecting the other petitioners, was made a condition precedent to the entry of a final order to benefit or bind the stipulants and that the condition having failed, no rights under the stipulation accrued in favor of either of the parties thereto. With respect to the question of the alleged waiver of the Statute of Limitations contained in section 1286 of the Civil Practice Act, Special Term wrote (5 Misc 2d 901, 905): “ Stipulants fail to cite nor has the court found any authority vesting in the court jurisdiction to grant such relief. Nor is there anything in the stipulation to justify a finding that the limitation provided for by section 1286 of the Civil Practice Act was intended to be waived.”
No appeal was taken by any party from the said order of Special Term. Instead, plaintiffs served on the Board of Higher Education a notice of claim which reads:
‘ ‘ To THE BOARD OP HIGHER EDUCATION:
Each of the undersigned hereby presents for adjustment his claim for the payment of salary to which he would have been entitled had the Board not in March or April 1953 declared vacant his position by reason of the assertion by each of said claimants of his privilege against self-incrimination when questioned by the Committee on Internal Security of the United *438 States Senate. The amount claimed by each of the claimants to the date hereof is approximately:
RICHARD AUSTIN .............................$25,000
JOSEPH BRESSLER ............................ 36,000
HYMAN E. GOLD.............................. 25,000
ELTON GUSTAFSON............................ 31,000
OSCAR SHAFTEL .............................. 31,000
MURRAY YOUNG.............................. 29,000
Each of said claimants reserves the right to increase such amount as further back salaries accrue from time to time. * # #
The board having refused to acknowledge plaintiffs ’ right to back salary, plaintiffs instituted the present action at law. The gravamen of the amended complaint is that the dismissal of the plaintiffs was predicated on section 903 of the New York City Charter; that their dismissal pursuant to that section constituted a denial of due process as applied to the invocation of the privilege before a Federal subcommittee, and that they were dismissed without a hearing in violation of the statutory rights attendant upon their tenure of service.
It is alleged that each of the plaintiffs had been in the employ of the defendant and had acquired tenure under the laws of the State of New York; that on or about March 16, 1953 defendant dismissed each of the plaintiffs from its employ, without a hearing, pursuant to section 903 of the New York City Charter; that the only reason for such dismissals was the fact that each of the plaintiffs had, when questioned by a subcommittee of the United States Senate dealing with internal security, claimed his privilege against self incrimination under the Fifth Amendment to the United States Constitution when asked questions about Communist party membership; that such dismissals 'were in violation of plaintiffs’ Federal constitutional rights; that on May 20, 1953 plaintiffs stipulated with defendant to be bound by a final order to be entered in Shlakman v. Board of Higher Educ., an article 78 proceeding then pending in the Supreme Court, Kings County, by means of which the petitioners, including one Harry Slochower, all of whom had been dismissed for claiming the privilege before the same Senate subcommittee, sought reinstatement to their positions in the New York City school system; that, thereafter, the Court of Appeals upheld *439 the dismissal of all the Shlakman petitioners; that snch petitioners then appealed to the United States Supreme Court where the appeals of all of the petitioners except Slochower were dismissed on the ground that they had raised no Federal question before the Court of Appeals; that the appeal of Slochower was heard on its merits and resulted in a determination that section 903 of the City Charter was an unconstitutional denial of due process as applied to the invocation of the privilege before said subcommittee; and that on October 8, 1956 the Court of Appeals adopted the order of the Supreme Court and directed the reinstatement of Slochower with back pay, following which Slochower made an application to the Supreme Court, Kings County, for an order implementing the decisions of the Supreme Court and the Court of Appeals.
The amended complaint goes on to allege that plaintiffs thereupon made an application to the Supreme Court, Kings County, for an order extending to them, pursuant to the stipulation of May 20, 1953, the final order to be entered in favor of Slochower; that in opposition to said application defendant cross-moved that plaintiffs should be held bound by the adverse decision in relation to the Shlakman petitioners other than Slochower because they were all represented by the same attorney; that on April 22, 1957 both the motion of plaintiffs and the cross motion of defendant were denied on the ground that the stipulation had no effect because it rested on the condition that there would be a single determination in the Shlakman proceeding affecting all the petitioners and this had not occurred; and that no appeal was taken by any party from said order of April 22, 1957.
Finally, the amended complaint alleges that each plaintiff has, as defendant well knows, ever since his dismissal, been desirous of continuing to perform the duties of the position and has been ready, able and willing to do so; that defendant has failed and refused to pay to each of the plaintiffs any part of his salary since March 16, 1953 and that more than 30 days prior to the commencement of this action each of the plaintiffs duly presented a claim for adjustment to the defendant. Plaintiff Austin seeks $25,000; Bressler, $36,000; Gold, $25,000; Gustafson, $31,000; Shaftel, $31,000, and Young, $29,000.
It is clear that the right to a position determines the right to the salary incident thereto (Stetson v. Board of Educ., 218 *440 N. Y. 301, 306). The question to be determined here is whether a discharged public employee may prove his right to the position from which he was dismissed in an action at law for accrued salary, or whether he must prove such right in an article 78 proceeding. To quote from the opening pages of plaintiffs’ brief:
“Respondents [plaintiffs] contend that such action may be brought where no administrative discretion was involved in the dismissal. Each of the parties has cited decisions of this Court in support of its position. Appellant [defendant board] urges that the cases cited by respondents are inapplicable because the suits were brought by persons in fact in service. Respondents maintain that the "cases relied on by appellant are inapplicable because exercise of discretion was involved in all of them.
“ In a sense we are both right. For in none of the cases did the precise situation here existing occur; a dismissal not based on the exercise of discretion but not followed by a judicial determination that the employee should be rein ¡stated. This case is, therefore, one of first impression.”
Plaintiffs go on to argue that the rule requiring previous direction for reinstatement is a judge-made rule, not one laid down by the Legislature; that it should be applied so as to accomplish, rather than prevent, justice and that the facts pleaded here are such that the rule should be held inapplicable.
It will be noted from the foregoing that plaintiffs recognize the existence of a rule to the effect that an article 78 proceeding is' the exclusive remedy available to a discharged public employee. They characterize this as a “judge-made rule” and assert that the rule is applicable only where there is an exercise of discretion to be reviewed or where the issue depends on a consideration and weighing of the facts and that, where the issue is one of law only, relief may be obtained either by an article 78 proceeding or by an action at law.
Admittedly, the Legislature has not expressly declared that a discharged public employee must seek reinstatement in an article 78 proceeding as a condition precedent to obtaining back salary. Nevertheless, it is apparent that in those cases where we held that an article 78 proceeding had to be pursued we were not laying down a “ judge-made rule ”, but were simply announcing the legislative intent as we perceived it. While it is true that this court has not previously been called upon to *441 consider the argument presently made by plaintiff, it cannot be doubted that the legislative intent is that the article 78 proceeding must be undertaken in those cases where the discharging body or officer has exercised no discretion as well as in those cases where the discharging body or officer has exercised discretion. This intention may be spelled out of the short Statute of Limitations prescribed for the bringing of article 78 proceedings.
Manifestly, the validity of a dismissal of a public employee should he determined expeditiously and before the possible accumulation of substantial sums for back pay. Unless reinstatement by means of an article 78 proceeding is a prerequisite to a claim for payment of salary, the dismissed employee, without rendering any service, may defer action until expiration of the six-year Statute of Limitations is imminent. What is more, if plaintiffs were correct in their theory, unless reinstatement were volunteered by the municipality, the former employee, who renders no service, might continue to sue for accruing salary until he reached retirement age. That would be quite absurd. Still, in response to questions put to him on oral argument, counsel conceded that plaintiffs’ theory was that they could continue to bring suit, while rendering no service, until they reached the age of 70 years and without having pressed for reinstatement by way of an article 78 proceeding. The notice of claim, quoted earlier, hears out the fact that such is indeed the plaintiffs’ theory. A municipality should not be placed in a position where it may have to pay the discharged employee substantial sums of money by way of accrued salary without having received services in return. This is particularly so where the municipality has been required to pay a replacement to perform the services of the discharged employee. No one can gainsay that the people of the municipality are entitled to expedition in such matters. A short Statute of Limitations was incorporated into the article 78 proceeding to assure expedition and such statute reflects the legislative intent to relegate a dismissed employee to the prompt remedy of an article 78 proceeding.
Section 1286 of the Civil Practice Act provides, in part: “ Unless a shorter time limitation is expressly provided in the law under which the proceeding is authorized, a proceeding under this article to review a determination or to compel per *442 formance of a duty specifically enjoined by law, must be instituted * * * within four months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact, or after the respondent’s refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty, as the case may be; * *
Thus, an article 78 proceeding in the nature of mandamus as well as one in the nature of certiorari to review is controlled by the four-month Statute of Limitations. No doubt, for the purposes of the Statute of Limitations a distinction must be observed between relief sought in the nature of certiorari and that sought in the nature of mandamus. The reason for this rests in the fact that the important factor in a proceeding in the nature of certiorari is that the aggrievement arises from a final determination. But, in the case of a proceeding in the nature of mandamus, the aggrievement does not arise from the final determination but from the refusal of the body or officer to act or to perform a duty enjoined by law. Accordingly, while it is not necessary to make a demand and await a refusal before bringing a proceeding in the nature of certiorari to review, it is necessary to make a demand and await a refusal before bringing a proceeding in the nature of mandamus and in the latter type of proceeding the Statute of Limitations does not run out until four months after the refusal (22 Carmody-Wait, New York Practice, § 289, pp. 378, 379). This does not mean that the aggrieved party can, by delay in making his demand, extend indefinitely the period during which he is required to take action. If he does not proceed promptly with his demand he may be charged with laches (22 Carmody-Wait, New York Practice, §§ 289, 297, pp. 379, 388-390). In this connection it is noteworthy that it has been specifically held that delay on the part of one removed from office in demanding reinstatement, for which there is no excuse, constitutes laches which is a good defense to his proceeding under article 78 (Matter of Peruzzin v. Test, 282 App. Div. 550).
In short, it makes little difference whether we hold that plaintiffs’ removals were the result of an exercise of discretion by the board (calling for reinstatement by way of certiorari) the City Charter involving no discretion on the part of the or were the result of an automatic operation of section 903 of *443 board (calling for reinstatement by way of mandamus). In either case, the employee’s right to the position from which he was discharged by a body or officer (within the meaning of article 78) and thus his right to salary from the date of dismissal. will be determined promptly in an article 78 proceeding. It follows that we must say that in writing the short Statute of Limitations into the mandamus and certiorari proceedings, the Legislature intended to relegate discharged employees to those proceedings and those proceedings alone, without regard to whether or not the removal involved an exercise of discretion.
In the present case, the plaintiffs never sought reinstatement through an article 78 proceeding. They did, of course, stipulate that their claims to reinstatement were to be disposed of upon the same terms and conditions as the similar claims of the Shlakman petitioners. As previously pointed out, Slochower was ordered reinstated while the dismissal of the other Shlakman petitioners was upheld. Plaintiffs then made an application for the following alternative relief: reinstatement through application of the Slochower ruling to them or a finding that the Shlakman stipulation operated as a waiver of the four-month Statute of Limitations in the article 78 proceeding so that they might institute a separate article 78 proceeding. Their application was denied (5 Misc 2d 901) and they did not appeal from such decision. Whether this determination of Special Term was or was not correct we cannot say, the issue not being before us on this appeal. Assuming it to be incorrect, plaintiffs should have appealed from it. Assuming it to be correct, the plaintiffs are not helped, for they cannot excuse their failure to pursue the procedure made available to them by the Legislature by showing that they sought unsuccessfully to obtain the benefit of an article 78 proceeding through a stipulation later declared to be ineffectual. The Board of Higher Education could properly stipulate to extend to plaintiffs the benefit of the ruling in the Shlakman article 78 proceeding but neither the board nor the courts are empowered to confer upon plaintiffs the remedy of an action at law when the Legislature has disclosed its intention to require discharged public employees, such as plaintiffs, to proceed by way of an article 78 proceeding.
Our court is not authorized to extricate the plaintiffs from the difficult situation in which they have placed themselves. We *444 cannot alter the legislative will as we see it expressed in section 1286 of the Civil Practice Act. As Chief Judge Cardozo has said in his book entitled “ The Jurisdiction of the Court of Appeals of the State of New York ” (2d ed., pp. 11-12): “ * * * we should recall the theory of the court’s function in our judicial system, which the Constitution reveals. That function, the court itself has defined. It is, briefly stated, the function, not of declaring justice between man and man, but of settling the law. The court exists, not for the individual litigant, but for the indefinite body of litigants, whose causes are potentially involved in the specific cause at issue. The wrongs of aggrieved suitors are only the algebraic symbols from which the court is to work out the formula of justice. Nowhere has this view been more clearly stated than by Martin, J., in Reed vs. McCord, 160 N. Y. 330, 335: ‘ The constitutional convention clearly entertained the opinion that the continued existence of the Court of Appeals was justified only by the necessity that some tribunal should exist with supreme power to authoritatively declare and settle the law uniformly throughout the state. That court was continued, not that individual suitors might secure their rights, but that the law should be uniformly settled, to the end that the people might understand the principles which regulated their dealings and conduct * * * ’.”
The Toscano case (Toscano v. McGoldrick, 300 N. Y. 156), relied upon so heavily by plaintiffs, does not stand for the proposition that an action at law for the recovery of salary illegally withheld will lie without restoration or reinstatement to the position for which the salary was claimed. There, the suit was brought by Toscano’s widow to recover the amount of salary of which he had been unlawfully deprived when the city had illegally attempted to abolish his job. Subsequent to its improper action, the city had voluntarily restored Toscano to his position. We there said that, in restoring Toscano to his position, everything that could have been done in that regard by an article 78 proceeding was accomplished and, in effect, was a concession by the city that he had been illegally removed. Here, no reinstatement has ever taken place and plaintiffs have not proved themselves entitled to be reinstated in an article 78 proceeding—the proceeding provided by the Legislature for such purpose.
*445 The order of the Appellate Division should be reversed and the judgment of the Special Term reinstated, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.