Rafael **HERNANDEZ** and Ralph Hernandez, Petitioners,

v.

Robert C. **PENN**, Commissioner of Human Resources, City of **Buffalo** and the City of **Buffalo**, Respondents.

Civ. No. 1975–239.

United States District Court, W. D. New York.

July 30, 1975.

Sargent & Lippes, Buffalo, N. Y., (Richard J. Lippes, Buffalo, N. Y. of counsel), for petitioners.

Leslie G. Foschio, Corp. Counsel, Buffalo, N. Y. (Leslie M. Greenbaum, Buffalo, N. Y., of counsel), for respondents.

## OPINION AND DECISION

ELFVIN, District Judge.

This is a motion by petitioners for an order enjoining the termination of employment of petitioners until such

time as petitioners exhaust their administrative remedies.

Each petitioner was appointed into a position under the Comprehensive Employment and Training Act of 1973 ("CETA"), 29 U.S.C.A. § 801 et seq. Such employment has been terminated on the ground that said appointments were in violation of the rules against nepotism.

After being duly notified by respondent Penn that they were to be discharged because of violation of nepotism regulations, they requested a hearing. Informal public hearings were held before a Special Grievance Committee consisting of five disinterested citizens, at which petitioners were present and made presentations. The Committee's report unanimously recommended the approval of respondent Penn's decision and petitioners were then discharged.

Thereafter, petitioners instituted proceedings in this court under CETA and Amendments V and XIV to the Constitution for injunctive and other relief and have moved for a preliminary injunction enjoining respondents from terminating petitioners' employment until such time as petitioners shall have exhausted their administrative remedies.

Petitioners base their application for a preliminary injunction on two grounds: (1) that the termination of their employment on the ground of violation of nepotism regulations was illegal and in violation of their constitutional rights under the said Amendments; and (2) that they will be irreparably injured unless they are granted such preliminary relief.

■ At the outset of the analysis of the applicable law, it should be noted that it has been held that this Court has jurisdiction of a case such as this even though there is a question whether the case meets the requirement that the matter in controversy exceeds the sum or value of $10,000, as provided by 28 U.S.C.A. § 1331 (*Deutsch v. Hewes Street Realty Corporation,* 359 F.2d 96 (2d Cir., 1966); *Spock v. David,* 469 F.2d 1047, 1052–3 (3d Cir., 1972).

■ In a proceeding such as this, before the Court may grant a preliminary injunction, it is traditionally required that the petitioners present sufficient facts to persuade the Court (1) that they have a reasonably strong case on the merits and a good chance of ultimate success; (2) that there is a probability of their suffering irreparable harm if they are not granted the preliminary injunction they seek; and (3) that they have exhausted their administrative remedies, if a public administrative agency is involved.

■ Inasmuch as petitioners have failed to present sufficient persuasive facts as to items (2) and (3) for the reasons explained below, it becomes unnecessary to pass upon item (1), that is, the claimed illegality and unconstitutionality of their discharge from their positions.

As to items (2) and (3), the only affidavit submitted by the petitioners is an affidavit of counsel, the pertinent portions of which read as follows:

"(a) petitioners will lose the income from their positions while they resort to an administrative appeal to the Secretary of Labor. Moreover, petitioners are not in a financial position to not work while this appeal is proceeding, and would therefore, have to search for another job, thus making the ultimate result that they may never return to the position they now hold and wish to keep.

"(b) since the administrative and, if necessary, court proceedings may be lengthy, petitioners [respondents?] will be forced to fill their positions with someone else."

These explanations as to petitioners' claims that they are in danger of suffering irreparable harm, and that respondents should be enjoined while petitioners pursue their administrative remedies must be balanced against the

harm that may be caused to the public interest in preventing a Congressionally instituted public agency from carrying out its policy of discouraging and, if possible, preventing nepotism to creep into its work force with possible, if not probable, lowering of the morale of its workers and some loss of confidence by the public in the agency which has been given such an important task in this time of economic distress as referenced in Sections 801 and 841 of Title 29 of the United States Code. Section 801 states that it was the purpose of the Congress "to provide job training and employment opportunities for economically disadvantaged, unemployed, and underemployed persons, and to assure that training and other services lead to maximum employment opportunities and enhance self-sufficiency by establishing a flexible and decentralized system of Federal, State, and local programs." Section 841 states: "It is the purpose of this subchapter to provide unemployed and underemployed persons with transitional employment in jobs providing needed public services in areas qualifying for assistance and, wherever feasible, related training and manpower services to enable such persons to move into employment or training not supported under this subchapter."

As the Supreme Court said in *Yakus v. United States,* 321 U.S. 414 at pages 440–1, 64 S.Ct. 660 at page 674, 88 L. Ed. 834 (1944):

"The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff. Compare *Scripps-Howard Radio v. Federal Communications Comm.,* 316 U.S. 4, 10 [62 S.Ct. 875, 880, 86 L.Ed. 1229] and cases cited. Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction. *Meccano, Ltd. v. John Wanamaker,* 253 U.S. 136, 141 [40 S.Ct. 463, 465, 64 L.Ed. 822]; *Rice & Adams Corp. v. Lathrop,* 278 U.S. 509, 514 [49 S.Ct. 220, 222, 73 L.Ed 480]. And it will avoid such inconvenience and injury so far as may be, by attaching conditions to the award, such as the requirement of an injunction bond conditioned upon payment of any damage caused by the injunction if the plaintiff's contentions are not sustained. *Prendergast v. New York Telephone Co.,* 262 U.S. 43, 51 [43 S.Ct. 466, 469, 67 L.Ed. 853]; *Ohio Oil Co. v. Conway,* 279 U.S. 813, 815 [49 S.Ct. 256, 257, 73 L.Ed. 972].

"But where an injunction is asked which will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff. *Virginian Ry. Co. v. United States,* 272 U.S. 658, 672–673, [47 S.Ct. 222, 228, 71 L.Ed. 463]; *Petroleum Exploration Co. v. Public Service Commission,* 304 U.S. 209, 222–3, [58 S.Ct. 834, 841, 82 L.Ed. 1294]; *Dryfoos v. Edwards* [2 Cir.], 284 F. 596, 603, affirmed, 251 U.S. 146, [40 S.Ct. 106, 64 L.Ed. 194], see *Beaumont, S. L. & W. Ry. Co. v. United States,* 282 U.S. 74, 91, 92 [51 S.Ct. 1, 7, 8, 75 L.Ed. 221]. Compare *Wisconsin v. Illinois,* 278 U.S. 367, 418–21, [49 S.Ct. 163, 171–173, 73 L.Ed. 426]. This is but another application of the principle, declared in *Virginian Ry. Co. v. System Federation,* 300 U.S. 515, 552, [57 S.Ct. 592, 601, 81 L.Ed. 789], that 'Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to

go when only private interests are involved.' "

See also, *Sampson v. Murray*, 415 U.S. 61, 83–84, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).

For a discussion of the rationale of the court developed doctrine requiring exhaustion of administrative remedies prior to resort to judicial remedies, see *McKart v. United States*, 395 U.S. 185, 193–5, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

Finally, if the petitioners ultimately are successful in the administrative proceedings, or in the courts after exhausting their administrative remedies, they may be entitled to be reinstated to their positions and to full back pay. *Jannetta v. Cole*, 493 F.2d 1334, 1338 (4th Cir., 1974).

During the argument of the motion, counsel for petitioners cited *Austin v. Board of Higher Education*, 5 N.Y.2d 430, 186 N.Y.S.2d 1, 158 N.E.2d 681 (1959), contending that that case throws some doubt on petitioners' right to back pay even if they are ultimately successful in the courts, and thus they are without an adequate remedy at law if a preliminary injunction is denied them at this time.

However, in *Austin,* the plaintiffs were suing at law for back pay on the ground that the Board had illegally dismissed plaintiffs from their positions in violation of their Constitutional rights. The action was dismissed on purely procedural grounds at Special Term, which dismissal was affirmed by the Court of Appeals.

Furthermore, in a prior Article 78 proceeding, others who were in exactly the same situation as the Austin plaintiffs had sought reinstatement to their positions, which proceedings were dismissed at Special Term, affirmed by the Appellate Division and the Court of Appeals. All of these appealed to the U.S. Supreme Court which dismissed all of these appeals (except that of one Slochower) for want of a properly presented Federal question. Slochower's appeal was not dismissed because his

counsel had presented to and had had passed upon by the Court of Appeals such a question. The Supreme Court reversed the Court of Appeals on the Slochower appeal, stating that Slochower's removal had been in violation of his Constitutional rights. It is to be noted that, for that reason, Special Term ordered Slochower reinstated with back salary. Thus, the *Austin* decision does not necessarily throw any cloud upon the possible rights of petitioners in the instant case to reinstatement and back pay although, as has been indicated above, this Court is not passing upon the merits of their claims or upon any claims they may or may not have to reinstatement and/or back pay.

The application for preliminary injunction is denied.