**UNION BANK OF SWITZERLAND,**
**Plaintiff,**

v.

**HS EQUITIES, INC., Defendant.**

**No. 76 Civil 4378.**

United States District Court,
S. D. New York.

Oct. 17, 1978.

Sullivan & Cromwell, New York City, for plaintiff; Francis Carling, New York City, of counsel.

Robert J. Poulson, Jr., New York City, for defendant.

MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Defendant moves for an order, pursuant to Rule 59 of the Federal Rules of Civil Procedure, setting aside the findings of fact and conclusions of law filed on June 13, 1978 and the judgment entered thereon on July 14, 1978. Defendant alleges that the Court erred: (a) by ruling that the plaintiff was not estopped from recovering based upon a telephone message found in plaintiff's files; and (b) by holding that plaintiff's claim was not time-barred.

Defendant, reasserting an argument made at trial, contends that the plaintiff was barred from recovering because it allegedly received notice of defendant's intention to pay over the disputed funds to the United States government and did not object to such payment. It bolsters this contention by claiming that the Court further erred in finding that the notice to plaintiff was offered at trial without explanation; defendant claims that the Court was bound to draw an adverse inference against the plaintiff for failure to explain why it did not respond to the message. As the Court found in its opinion—a finding which it has been given no reason to alter—there is no evidence concerning to whom the telephonic

communication was sent and under what circumstances. Such information was equally available to defendant as to plaintiff: defendant's counsel deposed an official of plaintiff in Switzerland who identified the telephone message, yet counsel failed to ask a single question regarding the message or the reaction of plaintiff to the message. Under these circumstances, the Court was bound to draw no inference either way. Furthermore, defendant did not establish at trial that it relied upon plaintiff's alleged silence after receipt of the notice. Finally, as noted in the opinion, the alleged telephone call occurred nine months after plaintiff sustained its injury—that is, after UBS paid funds to Zelmanowitz based on the erroneous belief that defendant had transferred the sales proceeds to plaintiff's bank in New York City.

Defendant's other claims concern an agreement signed by counsel for the parties which "waived" the statute of limitations for all claims to which a six-year limitation period applied. Defendant asserts that the Court failed to take testimony at trial which would have established that the agreement was intended *to extend* the limitation period for then-existing claims. Aside from the fact that defendant had the opportunity to present testimony but failed to do so (other than counsel's arguments) concerning the agreement between the parties, the fact is that the document is clear, unequivocal and unambiguous on its face. Therefore parol evidence was neither necessary nor appropriate in interpreting the agreement. *See Shlakman v. Board of Higher Educ.*, 5 Misc.2d 901, 161 N.Y.S.2d 529, 535 (Sup.Ct.1957) (citing cases); New York Jur., Evidence § 615. Moreover, absent a compelling excuse a new trial need not be ordered to permit a party to introduce evidence which it had available to it at the time of trial. *See Kirby v. United States*, 297 F.2d 466, 469–70 (5th Cir. 1961); *Cathedral Estates, Inc. v. Taft Realty Corp.*, 228 F.2d 85, 87–89 (2d Cir. 1955). Here, defendant had a full opportunity to proffer the evidence, failed to do so and has offered no excuse for such failure.

The motion is denied.