■ PATROLMEN'S BENEVOLENT ASSOCIATION OF NEWBURGH, NEW YORK, INC., Appellant, v CITY OF NEWBURGH, Respondent.—In a proceeding pursuant to CPLR article 78 to prohibit the respondent from using funds under the Federal Comprehensive Employment and Training Act of 1973 to displace municipal employees, the petitioner appeals from a judgment of the Supreme Court, Orange County, entered June 27, 1978, which, after a hearing, denied the petition. Judgment affirmed, without costs or disbursements. The Comprehensive Employment and Training Act of 1973 (CETA) was enacted to provide on-the-job training for economically disadvantaged, unemployed and underemployed persons in a manner consistent with maximum employment opportunities (US Code, tit 29, § 801). Programs under subchapter 2 of the act, which involves public service employment, are intended to provide training in areas of public service need (US Code, tit 29, § 841). In keeping with these policies, Congress required all applications for subchapter 2 CETA grants to contain assurances that CETA funds would not be used to replace regular employees who had been laid off in anticipation of receiving said grant (US Code, tit 29, § 845, subd [c], par [8]; *Matter of Carritue v Beame,* 90 Misc 2d 504). The Secretary of Labor is also required to determine, as a condition applicable to all programs, that the CETA grant will not displace workers who are currently employed (US Code, tit 29, § 848, subd [a], par [1], cl [B]; § 983, subd [7]; *White v City of Paterson,* 137 NJ Super 220). It is undisputed that in December, 1977 the respondent, City of Newburgh, laid off six regularly employed police officers. In or about January, 1978, the respondent received a CETA grant and hired 10 CETA cadets who performed certain police tasks.* There was some evidence that where two police officers previously operated the communications room, there was now one officer and one cadet. Two officers previously assigned to the communications area were also moved to part-time street patrol. Four of the six officers laid off were rehired shortly thereafter, but the other two remained off the force. Based on this proof, the trial court determined that the petitioner failed to prove that any police officers had been displaced by CETA employees or fired in anticipation of replacement by CETA employees. We agree. There was no evidence that the two officers laid off but not rehired by the city could, or would, have remained on the force in the absence of CETA funds. The rehiring of four of six of the officers who had been laid off is a strong indication of the *bona fides* of the municipality in this matter. Furthermore, the transfer of two employees to street patrol was not a prohibited "displacement" within the meaning of the act since the transfer did not affect their wages, benefits, seniority, promotional advantages or nonovertime hours (US Code, tit 29, § 848, subd [a], par [1], cl [B]). Finally, although we have considered petitioner's equitable claim against the City of Newburgh on its merits, we suggest that the administrative remedies against the Secretary of Labor or his agents would provide a

---

* Specifically, they operated a portion of the communications area, completed arrest forms and manned the desk.

more suitable forum for resolution of these disputes in the future (see *Hernandez v Penn*, 398 F Supp 1010, 1011). Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.