SECOND DEPARTMENT, MAY, 1986

(May 5, 1986)

■ JACOB ABRAMSON, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover lost wages, the plaintiff appeals from an order of the Supreme Court, Kings County, dated April 15, 1985 (Morton, J.), which granted the defendant's motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

In February 1981 the plaintiff commenced working as a probationary teacher at Public School No. 225 in Queens County. In May 1981, after viewing the plaintiff in the classroom and finding his work unsatisfactory, the District Superintendent informed the plaintiff by letter that he should immediately take a leave of absence without pay until February 1982, at which time he should retire. This, the plaintiff did.

In June 1983 the plaintiff commenced an action to recover lost wages for the school years 1981 through 1984. The defendant Board moved for summary judgment on the ground that the suit was time barred since the plaintiff was required to bring a timely proceeding pursuant to CPLR article 78 to challenge any action taken by it.

A discharged public employee cannot recover back pay unless he proves his right to the position from which he was discharged in a proceeding pursuant to CPLR article 78 (see, Austin v Board of Higher Educ., 5 NY2d 430; Piro v Bowen, 76 AD2d 392; see also, Matter of Golomb v Board of Educ., 92 AD2d 256). Although the plaintiff was not technically discharged, the actions by the District Superintendent compelling him to take a leave of absence and then retire, and his later refusal to permit the plaintiff to return to work, should have been challenged pursuant to CPLR article 78. The plaintiff is time barred from maintaining such a proceeding and

therefore cannot maintain an action for damages. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.