■ KHALIL SEMAAN, Appellant, v STATE OF NEW YORK, Respondent. [606 NYS2d 70] —Casey, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered March 30, 1992, which granted the State's cross motion for summary judgment dismissing the claim.

Prior to July 18, 1990, Executive Law § 296 (3-a) (f) provided that the Human Rights Law did not prevent the compulsory retirement of an employee who had attained the age of 70 and was serving under a contract for unlimited tenure at an institution of higher education.[*] The Board of Trustees of the State University of New York at Binghamton (hereinafter SUNY-B) had a policy which required that tenured members of the academic staff be retired and their services terminated on the 31st day of August next succeeding their reaching age 70. Claimant, a tenured professor at SUNY-B who reached age 70 in March 1990, was informed that he would be retired, pursuant to the mandatory retirement policy, effective June

---

* Effective July 18, 1990, Executive Law § 296 (3-a) (f) was amended to limit its effect to nonpublic institutions of higher education (L 1990, ch 483, § 1).

30, 1990, which was the end of the academic year used by SUNY-B in paying its academic staff.

In September 1990, claimant commenced this action in the Court of Claims for damages based upon his claim that he was wrongfully separated from his employment. Claimant moved for summary judgment on his claim and the State cross-moved for summary judgment dismissing the claim. Supreme Court denied claimant's motion and granted the State's cross motion.

Insofar as the claim is based upon an allegation that claimant's mandatory retirement on June 30, 1990 resulted in a breach of the contract of employment, it is the general rule that a discharged public employee cannot recover back pay unless he proves his right to the position from which he was discharged in a CPLR article 78 proceeding *(Austin v Board of Higher Educ.,* 5 NY2d 430; *Faillace v Port Auth.,* 130 AD2d 34, 43, *lv denied* 70 NY2d 613; *Abramson v Board of Educ.,* 120 AD2d 474). If claimant's mandatory retirement was a proper subject of the grievance procedure contained in the relevant collective bargaining agreement, the determination would not be final and subject to article 78 review until the grievance procedure was exhausted *(e.g., Matter of Oneida County Deputy Sheriff's Benevolent Assn. v Hasenauer,* 145 AD2d 984). Claimant did not pursue either the grievance procedure or, if the grievance procedure was inapplicable, article 78 review of the determination that he was retired as of June 30, 1990. Accordingly, claimant cannot maintain this action to receive back pay.

We reach the same conclusion insofar as the claim seeks to recover damages for age discrimination under the Human Rights Law *(see,* Executive Law § 297 [9]). As the result of claimant's failure to challenge the determination that he was retired as of June 30, 1990, claimant's mandatory retirement occurred before the Human Rights Law was amended by chapter 483 of the Laws of 1990; therefore, pursuant to Executive Law § 296 (3-a) (f) as it then existed, the mandatory retirement was not an unlawful discriminatory practice.

Weiss, P. J., Mercure, White and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.