■ RAYMOND CONKLIN, Appellant-Respondent, v TOWN OF RAMAPO, Respondent-Appellant. [624 NYS2d 646] —In an action to recover damages for wrongful discharge from employment, wrongful suspension from employment, and civil rights violations, the plaintiff appeals from (1) a decision of the Supreme Court, Rockland County (Bergerman, J.), entered April 29, 1993, which determined the defendant's motion for summary judgment, and (2) an order and judgment (one paper) of the same court entered June 22, 1993, which granted the defendant's motion for summary judgment and dismissed the complaint. The defendant appeals, as limited by its brief, from so much of an order of the same court dated January 10, 1994,

as, upon granting reargument of the defendant's motion for summary judgment, reinstated the plaintiff's civil rights cause of action pursuant to 42 USC § 1983. The appeal by the plaintiff from the order and judgment brings up for review so much of the order dated January 10, 1994, as, upon reargument, adhered to the original determination in the order and judgment entered June 22, 1993, with respect to his State claims based upon wrongful suspension and wrongful discharge from employment *(see,* CPLR 5517 [b]).

Ordered that the appeal from the decision entered April 29, 1993, is dismissed, without costs or disbursements, as no appeal lies from a decision; and it is further,

Ordered that the appeal from the order and judgment entered June 22, 1993, is dismissed, without costs or disbursements, as the order and judgment was superseded by the order dated January 10, 1994, made upon reargument; and it is further,

Ordered that the order dated January 10, 1994, is affirmed insofar as appealed from and reviewed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed his State claims based upon wrongful suspension and wrongful discharge from employment because of his failure to timely serve a notice of claim. The plaintiff's cause of action for wrongful discharge from employment arose, at the latest, on December 31, 1986, the effective date of his discharge according to the December 12, 1986, letter notifying him of his discharge. The plaintiff's filing of a notice of claim in late May or early June 1987, therefore, was clearly not within the 90-day period mandated by General Municipal Law § 50-e for the filing of such a notice in tort actions *(see,* General Municipal Law § 50-i). The failure to timely serve such a notice is "fatal to the maintenance" of a cause of action in tort *(see, Matter of Rattner v Planning Commn.,* 156 AD2d 521, 525).

Moreover, there is no merit to the plaintiff's argument that no notice of claim was required for his wrongful suspension claim because it was equitable in nature. Civil Service Law § 75 outlines the procedures to be followed in disciplinary proceedings against public employees, while section 76 limits appeals to action undertaken pursuant to section 75. Civil Service Law § 76 requires an aggrieved party to seek relief by way of an application to the Civil Service Commission or a proceeding pursuant to CPLR article 78. A "[CPLR] article 78

proceeding is the exclusive remedy * * * [for] a discharged public employee" *(Austin v Board of Higher Educ.,* 5 NY2d 430, 440; *see, Abramson v Board of Educ.,* 120 AD2d 474). Because the plaintiff declined to pursue his available remedies, this claim was also properly dismissed.

However, we find that the plaintiff's Federal civil rights claim was properly reinstated. As a civil servant, the plaintiff had a constitutionally-protected property interest in continued employment *(see, Cleveland Bd. of Educ. v Loudermill,* 470 US 532).* The plaintiff alleges that he was suspended, that the defendant's Town Board then abolished his position in bad faith for the purpose of denying the plaintiff an opportunity for reinstatement, and that he was then denied his right to a disciplinary hearing. All of these actions were alleged to have been undertaken under color of law. These allegations were sufficient to set forth a cause of action for a violation of his rights under 42 USC § 1983 *(see, Monell v New York City Dept. of Social Servs.,* 436 US 658).

The parties' remaining contentions are without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.