OPINION OF THE COURT
Shlomo S. Hagler, J.
Petitioner Thomas Jones moves by order to show cause and verified petition to vacate the determination of respondents which denied the petitioner’s “Freedom of Information Law [FOIL] Request pursuant Judiciary Law 255” for the production of a trial verdict sheet in the matter of People v Sheldon Ennis, Also Known as Thomas Jones, indictment No. 7870/ 1998. Respondents oppose the petition.
Background
Respondent District Attorney’s Office of the County of New York (respondent or DANY) alleges that in the 1990s, Jones, together with other cohorts, ran a crack cocaine criminal enterprise known as the “Dog Pound.” DANY further alleges that the Dog Pound operated out of the Evans Hotel located in Midtown Manhattan. In 1996, Jones and members of the Dog Pound retaliated against a rival drug organization called the “Orange Bags” by allegedly shooting and stabbing various leaders and workers associated with the Orange Bags because they were operating on their “turf’ near the vicinity of the Evans Hotel.
In 1998, Jones and about 20 others were indicted in a 23-count indictment with various crimes arising out of their alleged participation in the Dog Pound organization including conspiracy in the second degree (Penal Law § 105.15), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first and second degrees (Penal Law § 120.10 [1], [2], [3]; § 120.05 [1], [2]), and criminal possession of a weapon in the second and third degrees (Penal Law §§ 265.03, 265.02 [former (4)]). In 2000, Jones went to trial and the jury convicted him of conspiracy in the second degree, two counts of assault in the first degree, one count each of assault in the second degree, and criminal possession of a weapon in the second and third degrees. On March 21, 2001, Jones was sentenced to an aggre *464 gate prison term of iSVs years, and he is currently incarcerated pursuant to that judgment.
By letter dated August 9, 2009, petitioner sought production from the Criminal Court of a copy of the trial verdict sheet in the above case. A clerk of the court responded by letter dated August 31, 2009, advising petitioner that he could not locate the document, but it may be obtained from the DANY. Petitioner then sought the verdict sheet from DANY via letter dated September 10, 2009. By letter dated October 1, 2009, the DANY denied petitioner’s request on the ground that Judiciary Law § 255 only applies to court clerks and not to district attorneys, and informed him that he may appeal the denial to the appeals officer. Petitioner appealed the decision to the appeals officer via letter dated December 7, 2009. DANY never responded to the last appeal. On or about March 31, 2011, petitioner commenced the instant CPLR article 78 proceeding seeking to vacate the DANY’s determination and compelling it to produce the verdict sheet.
Judiciary Law § 255
Petitioner sought to compel the production of the subject trial verdict sheet pursuant to Judiciary Law § 255. Judiciary Law § 255 states, in pertinent part, that
“[a] clerk of a court must, upon request, . . . diligently search the files, papers, records, and dockets in his [or her] office; and either make one or more transcripts or certificates of change therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper . . . can not be found.”
While there are no reported cases discussing the issue of whether Judiciary Law § 255 applies to district attorneys, the plain language of the statute clearly pertains to a “clerk of a court.” It is beyond cavil that district attorneys do not fit into the category of clerks of the court. Moreover, district attorneys are distinct and independent entities that advocate the People’s position before judges of the court. Simply stated, they are not clerks of the court. Therefore, petitioner’s request for the DANY to produce the verdict sheet pursuant to Judiciary Law § 255 does not lie.
Petitioner’s Claims are Time-Barred
An article 78 proceeding is subject to a four-month statute of limitations. (CPLR 217; Austin v Board of Higher Educ. of City *465 of N.Y., 5 NY2d 430 [1959].) The statute of limitations begins to run from the date in which the agency refuses to act. (Matter of Moskowitz v New York City Police Pension Fund, 82 AD3d 473 [1st Dept 2011].)
Under the most generous reading of the relevant law concerning FOIL requests pursuant to Public Officers Law § 89, petitioner’s request is approximately a year too late. Therefore, petitioner’s claims are also time-barred.
Conclusion
Accordingly, it is adjudged that the petition is denied and the proceeding is dismissed with prejudice.