**Anthony L. JANNETTA, Appellant,**

v.

**E. W. COLE, Chief, Rock Hill Fire Department, et al., Appellees.**

**Anthony L. JANNETTA, Appellee,**

v.

**E. W. COLE, Chief, Rock Hill Fire Department, et al., Appellants.**

**Nos. 73–1642, 73–1643.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1973.

Decided April 3, 1974.

C. Rauch Wise, Greenwood, S. C., for Anthony L. Jannetta.

Emil W. Wald, Rock Hill, S. C. (C. W. F. Spencer, Jr., Rock Hill, S. C., on brief) for E. W. Cole and others.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge and TURK, District Judge.

HAYNSWORTH, Chief Judge.

Jannetta brought this action pursuant to 42 U.S.C. § 1983 seeking reinstatement to his position as a fireman for the City of Rock Hill, South Carolina, Fire Department and back pay from the date of discharge to the date of reinstatement. He claims that he was wrongfully dismissed because of his participation in circulating a petition protesting a recent promotion in the fire department and presenting it to the city manager. The district court found Jannetta to have been wrongfully discharged, awarded back pay from the date of dismissal to the date of the order, but refused to order reinstatement because, "under the Ordinances of the City of Rock Hill, he could be dismissed without cause." Jannetta appealed complaining of the court's failure to order reinstatement and the defendants cross-appealed complaining of the court's finding that Jannetta was improperly discharged and entitled to back pay. The only other issue presented on this appeal is whether the award of back pay should have been reduced by the amount of Jannetta's outside earnings during his "unemployment."

Because we agree that Jannetta was wrongfully discharged, we sustain the back pay award. However, the award should have been reduced by any increase in Jannetta's outside earnings attributable to his lack of employment by the fire department. In addition, the district court should have ordered Jan-

netta's reinstatement to the position from which he was wrongfully discharged.

In early October, 1971, the Rock Hill Fire Department made several promotions based on a merit system. One of those promoted was a black man, John Chisholm, who was promoted over several whites with greater seniority. After the notice of the promotions was published, Jannetta, with the assistance of several other firemen, began circulating a letter or petition complaining about the promotion of the black fireman, questioning his qualifications and requesting an explanation. Following the accumulation of some twenty-four signatures, the petition was delivered to the office of the fire chief and, simultaneously, to the city manager. The senior officers of the department investigated the substance of the petition and concluded that the black fireman was well qualified for the position of leadership and that Jannetta was primarily responsible for the letter or petition which resulted in racial tension within the department. Jannetta was suspended from his position by the fire chief,[1] "upon the grounds of insubordination and disloyalty, in that [he] participated in circulating a letter of complaint in complete disregard of long established chain of command requirements applicable to all personnel." The chief recommended to the city manager that the suspension be made permanent[2] and following a hearing before the city manager on December 16, 1971, Jannetta's employment was terminated. None of the other firemen who signed the letter or petition were disciplined in any manner.[3]

The defendants admit that there is no question that Jannetta's participation in the circulation and presentation of the petition was determinative of his dismissal, although they point to certain other infirmities in his employment record (tardiness, etc.) as also contributing to his dismissal. The district court specifically found, however, that Jannetta was dismissed solely for his participation in the circulation of the petition and delivery of a copy directly to the city manager. This finding is clearly supported by the evidence. Indeed, it is established by Chief Cole's letter of suspension to Jannetta.

In Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811, the Supreme Court noted that the State does have an interest in regulating the speech of its employees that differs significantly with those it possesses in regulating the speech of the population in general. State attempts to regulate the speech of its employees necessitates a weighing of the interest of the public employee in commenting upon matters of public concern and the interests of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. The initial issue, therefore, is whether there was, in fact, an interference with the efficiency of the public services performed

1. Rock Hill City Code § 11–2 provides: The fire chief may, for the purpose of proper discipline and regulation of the force, suspend any member for a period of not exceeding thirty days. He shall notify the city manager of such action.

2. Rock Hill City Code § 11–3 provides: Should any member of the force fail or neglect to act in accordance with the provisions of this chapter, he shall be liable to a fine not exceeding loss of a total of one month's pay, to suspension without pay for not exceeding one month or to final discharge as determined by the fire chief with the approval of the city manager.

3. There is no indication in the record as to the participation of the mayor or the individual councilmen, who were also named as defendants in the complaint, in Jannetta's dismissal. Since there was apparently no objection made below to the imposition of liability upon these defendants and because no such objection was raised on this appeal, we find it unnecessary and inappropriate to speculate as to the possible basis of such liability. There being no allegation of error in this regard, the issue is simply not before us on this appeal.

by the Rock Hill Fire Department by virtue of Jannetta's actions.[4]

■■ The district court specifically found that, although there was some lowering of morale in the fire department, the petition was not the primary cause and that circulation of the petition occasioned no interference with the operation of the department. Thus the district court found that the defendants failed to show any significant interference with the efficient operation of the department. The record clearly supports such a finding.[5]

■ As to the charge that Jannetta by-passed the "chain of command" procedure by presenting his petition directly to the city manager, it is noted that nowhere was it suggested that such a by-pass would result in dismissal. Furthermore, the district court found that the city manager's announced "open door" policy amounted to an alternate procedure open to city employees to present grievances to city officials. The district court thus held that while the grievance procedure outlined in the employees' handbook (Chain of Command) on its face was properly narrow and adequate, its application in this case, where one, simultaneously with the submission of his petition in compliance with the handbook procedure, also submitted his petition to the city manager in compliance with a parallel but less formal "grievance procedure," was over-

broad and infringed upon a constitutionally protected freedom. The district court concluded, and we agree, that Jannetta's dismissal resulted from his exercise of a constitutionally protected right and that the defendants failed to show sufficient justification for penalizing him because of his exercise of that right.

The Supreme Court has held that, though there may be no "right" to a valuable government benefit, the denial of it may not be predicated on one's exercise of first and fourteenth amendment rights. Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460. This general principle has been applied on numerous occasions to denials of public employment. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811; United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508; Whitehill v. Elkins, 389 U.S. 54, 88 S.Ct. 184, 19 L.Ed.2d 228; Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629; Elfbrandt v. Russell, 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed. 2d 321; Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377; Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285; Cafeteria Workers v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230; Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982; Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231; Wieman v. Updegraff, 344 U.S. 183, 73

4. The defendants attempt to distinguish this case from *Pickering* on several grounds: (1) the statements in *Pickering* were not directed toward or against any person with whom he would normally be in contact in the course of his daily work; here they were so directed; (2) the statements in *Pickering* were not, as here, directed against a minority group individual; (3) the statements in *Pickering* were made to the public on a public issue, whereas here the communication was to the employer about matters of employment. While these are, indeed, differences in the factual setting between this case and *Pickering*, the relevance of these distinctions is to what extent they affect the *Pickering* balance—that is to what extent they affect the communication's impact on the efficient operation of the fire depart-

ment. As noted in the text, the district court found no impairment of efficiency.

5. The defendants also seem to be suggesting that because the communication here involved was not directed to the public on a "public issue" it is not entitled to the protection of the First Amendment. They equate the petition here involved with internal bickering between an employer and his employee. The First Amendment is not limited in its protection to issues of great social and political impact, however, and Jannetta's petition should not be denied such protection simply because it dealt with matters of a local nature. In some contexts, a public declaration may well amount to an abuse of an employee's right to communicate a grievance to his superiors.

S.Ct. 215, 97 L.Ed. 216; United Public Workers v. Mitchell, 330 U.S. 75, 67 S. Ct. 556, 91 L.Ed. 754. Thus, defendants' argument that Jannetta had no "right" to or reasonable expectancy of continued employment is immaterial to his free speech claim. The district court held, and we agree, that Jannetta's dismissal was impermissibly predicated upon his exercise of first and fourteenth amendment rights.

Defendants also argue that since there was no showing or finding that any of the named defendants acted other than in good faith, money damages were improperly awarded. In Eslinger v. Thomas, 4 Cir., 476 F.2d 225, we refused to award money damages against a state official whose actions, although resulting in unconstitutional discrimination against women, were taken in good faith and based on reasonable grounds to believe the actions were within the law. We noted that while there is nothing in § 1983 or the fourteenth amendment to suggest that an improper motive is requisite for a federal cause of action, conscientious state officials, when acting reasonably and in good faith, should not be expected to answer in money damages for failure to accurately predict the future course of constitutional doctrine, even though such failure may entitle a plaintiff to equitable relief. 476 F.2d at 229.

■ The circumstances of this case do not support a "good faith" defense. Jannetta was discharged for exercising a well established and well known constitutional right. No preview of an uncertain future was needed to determine that firing one for his participation "in circulating a letter of complaint" was constitutionally impermissible.

■ The district court, although it found Jannetta's dismissal to be improper and awarded back pay, failed to order reinstatement. In Smith v. Hampton Training School for Nurses, 4 Cir., 360 F.2d 577, this Court addressed the issue of remedies to be afforded for the unlawful deprivation of public employment.

Noting that § 1983 authorizes federal courts, in civil rights cases, to grant broad relief "in equity, or other proper proceeding" and is designed to provide a comprehensive remedy for the deprivation of constitutional rights, we held that where there is no lawful basis for the discharge, the plaintiff is entitled to be restored to the position he occupied when he attempted to exercise his constitutionally protected right which led to that discharge. 360 F.2d at 581. Thus the remedy for constitutionally impermissible discharge from public employment is back pay and reinstatement. See, Wall v. Stanly County Board of Education, 4 Cir., 378 F.2d 275; Johnson v. Branch, 4 Cir., 364 F.2d 177; and Franklin v. County School Board of Giles County, 4 Cir., 360 F.2d 325.

The district court should have ordered Jannetta's reinstatement to the position of fireman. The fact that after reinstatement, as other firemen, he will be subject to discharge for good reason, or perhaps for no reason, so long as his circulation of the complaint is not the actual reason, is not a sufficient basis for withholding such relief.

■ Finally, the back pay award was based on Jannetta's full salary, reduced only by taxes. As defendants properly point out, while wrongful discharge may entitle a plaintiff to recover back pay, that award should be reduced by "outside earnings." Smith v. Hampton Training School for Nurses, *supra*. The employee should be made whole, but not enriched. The back pay award should be reduced by any increase in Jannetta's outside earnings attributable to his lack of employment by the fire department.

The district court's finding of wrongful discharge is sustained. The case is remanded with instructions to order Jannetta's reinstatement, reduce the award of back pay by the amount of any increase in outside earnings, if any, and extend the back pay award to the date of the reinstatement order.

Affirmed in part; reversed in part and remanded.