Robert F. CRAWFORD, Plaintiff,

v.

CITY OF HOUSTON, TEXAS, et al.,
Defendants.

Civ. A. No. 71–H–1370.

United States District Court,
S. D. Texas,
Houston Division.

June 26, 1974.

Peter D. Williamson, Houston, Tex., for plaintiff.

Jonathan Day, City Atty., F. William Colburn, Asst. City Atty., Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

Plaintiff, formerly employed by the City of Houston Police Department in the Police Crime Laboratory, brings this action, under 42 U.S.C. §§ 1983 and 1985, against the City of Houston, and some of its officials, including the mayor, chief of police, director of the municipal civil service department and director of the Police Crime Laboratory, both individually and in their official capacities.

Plaintiff seeks injunctive and declaratory relief to achieve the following: reinstatement to his former employment; compensation for the amount of wages lost as the result of his suspension and for damages suffered as the result of the suspension and allegedly libelous statements about plaintiff made by the defendants; restraint of defendants from inhibiting his free exercise of expression; invalidation of an allegedly vague "policy" for violation of which plaintiff was suspended; invalidation of the manner in which suspensions are adjudicated by the Firemen's and Policemen's Civil Service Commission of the City of Houston ("Commission"); and invalidation of the built-in inhibitory feature which tends to discourage a suspended public employee's pursuit of appellate redress.

The case is presently before this Court on defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Fed.R.Civ.P. 12(b)(6). In their motion, defendants assert that this suit involves only a dispute over suspension of employment and does not give rise to an issue of constitutional significance; they further assert that no actions have been taken under color

of state law, no conspiracy has occurred within the meaning of 42 U.S.C. § 1985, and administrative remedies were not exhausted by plaintiff prior to filing this action.

 A motion to dismiss under Rule 12(b)(6) should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To determine whether to dismiss, this Court must view the well-pleaded material allegations of the complaint in a light most favorable to plaintiff, with his alleged facts accepted as true. 2A Moore's Federal Practice ¶ 12.08 (1974 ed.). However, resolution of this motion in no way indicates the pre-disposition by this Court of an issue of contested fact.

## FACTS

At the time of the complaint, plaintiff was employed as a professional chemist and toxicologist in the Police Crime Lab, a position he had held for sixteen years. Plaintiff was suspended from his work on September 27, 1971, for violating an unofficial (and allegedly previously non-existent) departmental policy prohibiting receipt of non-criminal samples for analysis by police chemists. Apparently, plaintiff was suspended because a deliveryman from a local hospital attempted to deliver a non-criminal sample to him, though plaintiff denies arranging delivery and characterizes the incident with the deliveryman as mere coincidence.

Suspension was assessed at fifteen working days. Plaintiff's letter to the Commission requesting an appeal was answered 20 days later by a letter informing plaintiff that his appeal would be denied on the merits. The only notice of receipt of plaintiff's petition was this letter. No notice was given to plaintiff to permit him to file materials in support of his appeal, and no hearing was held. Commission investigation apparently commenced and was completed between the time of receipt of plaintiff's request (dated October 1) and notification of denial (dated October 20).

Plaintiff was reinstated in October, 1971, but was subsequently discharged three months later. Interwoven with the suspension incident, and tied to the subsequent dismissal, was official attention paid to testimony plaintiff had given at a certain state criminal proceeding in March, 1970.[1] Plaintiff testified at this trial regarding his views on the non-addictive nature of the drug marijuana. Plaintiff's version is that he was subsequently interrogated about this testimony by his superiors and informed that he would no longer be assigned to cases involving analysis of the drug marijuana and would no longer be permitted to testify on such matters in court. Physical threats were also allegedly made against him, and he was publicly ridiculed in the news media on the basis of comments by his superiors, including Chief of Police Short, Inspector H. McGill and Police Crime Lab Director Floyd E. McDonald.

Since his job performance rating was partly determined by the number of analyses he was to make, plaintiff alleges his poor rating subsequent to his reinstatement was due, at least in part, to the reduced workload that he was allowed to handle because of his removal from marijuana-related cases. Plaintiff was discharged in January, 1972.

While this lawsuit was pending, plaintiff pursued other remedies in the state courts of Texas. As a result of the state litigation over his discharge, plaintiff was reinstated in his job in April, 1973. See Crawford v. City of Houston, 487 S.W.2d 179 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.), but was discharged again within one month.

---

1. As part of his regular duties, plaintiff was often called upon to testify in criminal trials involving analysis of drugs as an expert in toxicology.

## I.

There is no "right" to government employment, Cafeteria and Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L. Ed.2d 1230 (1961), just as there is no "right" to any valuable government benefit. Jannetta v. Cole, 493 F.2d 1334 (4th Cir. 1974). But public employment may not be denied when the denial is predicated on one's exercise of first and fourteenth amendment rights. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Nor may a public employee be discharged without a hearing or notice of a hearing where such failure would constitute a "deprivation of liberty" proscribed by the due process clause of the fourteenth amendment. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); McDowell v. State of Texas, 465 F.2d 1342 (5th Cir. 1972) (Brown, J., concurring) (en banc), cert. denied, 410 U.S. 943, 93 S. Ct. 1371, 35 L.Ed.2d 610 (1973).

Defendants allege that the requisite state action is not present in this case because only an internal, employer-employee dispute is involved. On the present record this Court cannot agree. All of the defendants are officials of the City of Houston. Their positions as city employees responsible for the administration of public employment clothe them with the responsibility for the public affairs and attach to them the denomination of "acting under color of state law". Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L. Ed.2d 142 (1970).

Plaintiff's alleged failure to exhaust his administrative remedies is not dispositive either. Federal civil rights remedies are supplementary to state remedies. A plaintiff may be permitted to prosecute an action under § 1983 without prior resort to state administrative remedies. McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

## II.

Defendants herein are not immune from suit.

A public official exercising discretion while performing his duty possesses a qualified privilege precluding individual liability for performance of official responsibilities if undertaken in good faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). However, the privilege is not absolute, and must give way if acts done within the scope of official duty are performed in bad faith. There is authority that misuse of power possessed by virtue of state law and made possible only because defendant is clothed with authority of state law will be viewed as violating one's civil rights within § 1983. See Montgomery v. White, 320 F.Supp. 303 (E.D.Tex.1969). Whether acts were undertaken in good faith requires factual determinations which go to the merits of the instant controversy. Immunity cannot therefore serve as a ground for dismissal of the action. See O'Brien v. Galloway, 362 F.Supp. 901, 904 (D.Del. 1973). Since plaintiff is alleging bad faith execution of official duties by the defendants in suspending him, the action cannot be dismissed on this ground.

The City of Houston is not subject to liability for damages or subject to equitable strictures, in light of City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); the claim against the city must be dismissed. Likewise, this Court is without jurisdiction to assess damages under § 1983 against the remaining defendants in their *official* capacities, since such a judgment would of necessity be satisfied out of the public treasury.

However, the damage claim against the defendants in their *individual* capacities does state a cause of action under 42 U.S.C. § 1983. This statute was particularly designed to provide a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position. Monroe v. Pape, 365 U.S. 167, 81 S.Ct.

473, 5 L.Ed.2d 492 (1961). The allegation of bad faith deprivation of employ to defendants sufficiently states a claim. The Court declines to dismiss the claim for damages against defendants in their individual capacities.

Injunctive relief is requested against the defendants acting in both their official and individual capacities. The claim for injunctive relief against defendants Welch, Short, McGill, McDonald and Lanier acting in their individual capacities will be dismissed. Acting in such a capacity, these defendants are powerless to reinstate plaintiff. There is a different result with respect to injunctive relief sought against these defendants in their official capacities. Suits may be brought against public officials to enjoin them from invading constitutional rights, Griffin v. County School Board, 377 U.S. 218, 228, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964), and this Court declines to dismiss the claim on that basis.

### III.

Plaintiff's claim states a cause of action under 42 U.S.C. § 1985(2). Plaintiff alleges that the disciplinary measures taken against him by the defendants were in part prompted by the testimony plaintiff gave in court concerning his views on the anatomical effects of marijuana. The direct language of § 1985(2) draws this situation within the jurisdiction of this Court. That section provides a federal remedy

"[i]f two or more persons . . . conspire to deter . . . any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, . . . or to injure such party or witness in his person or property on account of his having so attended or testified . . . " 42 U.S.C. § 1985(2).[2]

### IV.

Plaintiff further invokes the jurisdiction of this Court under 42 U.S.C. §§ 1983 and 1985(3) by alleging violations of constitutional rights of due process of law and free speech.

In his third cause of action, plaintiff alleges that defendants denied him due process by failing to hold a hearing regarding his appeal of the disciplinary suspension levied against him in October, 1971. Texas has no statutory requirement for a hearing where disciplinary suspensions of this nature are involved. Vernon's Tex.Rev.Civ.Stat.Ann. art. 1269m, § 20 (1963). Under ordinary circumstances, where a suspension of only fifteen days is involved, a court might consider invocation of due process remedies inappropriate. However, plaintiff alleges that more than punishment for violation of a rule is involved in this case. He contends that any rule violation occurred only as the result of *ad hoc* rule-making on the part of the defendants, directly aimed at disciplining him in a situation that occurred as a coincidence. Plaintiff also alleges that the Commission's appellate process is defective under the fourteenth amendment because of the high cost potentially assessable against any employee who brings "irresponsible or capricious

---

2. Section 1985 requires as one of the prerequisites the presence of a conspiracy. Existence of a conspiracy presents a fact question. The search for possible conspiracy in this case need not extend further than recognition of the fact that at least two of the defendants met to decide that the plaintiff should be removed from duty on marijuana-related cases. No invidious intent need be shown; it is sufficient that two or more officials acted intentionally. *See* Cameron v. Brock, 473 F.2d 608 (6th Cir. 1973).

appeals".[3] Further, plaintiff alleges that defendants took the opportunity offered by plaintiff's suspension to injure his professional reputation by making widely publicized remarks motivated by their disputation with his views on the anatomical effects of marijuana.

The Commission's affirmance of the disciplinary action thus takes on a new light. Considerations of due process may well require a hearing. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). As Chief Judge Brown of the United States Court of Appeals for the Fifth Circuit has pointed out, "where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential". McDowell v. State of Texas, 465 F.2d 1342, 1349 (5th Cir. 1972) (Brown, J., concurring) (en banc), cert. denied, 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1973), *quoting* Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L. Ed.2d 515 (1971).

There are indications here that plaintiff may have suffered damage to his reputation and may subsequently have been unable to locate employment as the result of his suspension and the blot this action produced on an otherwise creditable employment record. Only a full hearing can resolve this question, and the Court therefore declines to dismiss the due process claim, either under § 1983 or § 1985(3).

### V.

By his fifth cause of action, plaintiff alleges that defendants violated his first amendment rights by preventing him from participating in future trials because of his testimony in the March, 1970, trial. Defendants, on the other hand, characterize the removal of plaintiff from marijuana-related cases as an employer's decision regarding employee placement and an essentially internal matter.

The First Amendment is not limited in its protection to issues of great social and political impact. Jannetta v. Cole, 493 F.2d 1334, 1337 n. 5 (4th Cir. 1974). The internalized nature of the subject matter does not lessen its importance under the First Amendment. *Id.* The City does have an interest in regulating the speech of its employees, which differs significantly from those it possesses in regulating the speech of the population in general. *Id.* at 1336. Still, a balance must be struck between the interests of the employee, as a citizen and a professional, in commenting on matters of public service and the interests of the State, as an employer, in promoting efficiency of the public services it performs through its employees. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). While the State can regulate the manner of presentation of its evidence at trials, the interest it would have in excluding certain points of view on scientific evidence is unclear, especially where those points of view may materially affect the rights of criminal defendants. Regardless of its interests, this question presents factual and legal issues which can only be resolved at trial. Invocation of the employer-employee relationship by defendants goes to the merits of the controversy and is not properly part of the consideration of a motion to dismiss. Therefore, this Court declines to dismiss plaintiff's first amendment claim under § 1983.

Plaintiff's claim that his first amendment rights were also infringed as the result of a conspiracy violative of § 1985(3) presents a more difficult ques-

---

3. *"Appeals from Unlawful or Unjust Orders* —Members may appeal for relief from orders or instructions which are unlawful or unjust. Such appeals must be in writing to higher authority through proper channels. *Irresponsible or capricious appeals will be considered as serious misconduct*." Rules Manual of the Houston Police Department, § 2/1.08 (emphasis added).

tion. In Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that in actions brought under § 1985(3) there must be some racial, or otherwise class-based invidiously discriminatory animus motivating the actions of the alleged conspirators. 403 U.S. at 102, 91 S.Ct. 1790. While only the plaintiff has complained of discriminatory treatment here, in part he complains because defendants allegedly singled him out for discipline as the result of his expressed views on marijuana.

■■■ In Police Dept. of the City of Chicago v. Moseley, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972), the Supreme Court held that a city ordinance which distinguishes between certain forms of picketing violates the equal protection clause by proscribing certain types of speech. Equal protection of the laws may be denied by distinguishing, or penalizing, certain forms of speech on the basis of their content. Thus, plaintiff's claim does state a cause of action under § 1985(3). The validity of the distinctions drawn by the defendants will depend on whether, and the degree to which, governmental interests are furthered by this differentiation. The fact that this incident arose from an internal employer-employee matter, again, goes to the merits of this controversy, and is not properly part of the consideration of a motion to dismiss.

For the reasons stated herein, defendants' motion to dismiss is denied, with the following exceptions: The City of Houston will be dismissed as a party; the individually named defendants will not be liable for damages in their *official* capacities; and the individually named defendants will not be subject to equitable strictures in their *individual* capacities. We reiterate that resolution of this motion in no way indicates the pre-disposition by this Court of an issue of contested fact. Defendants are instructed to answer plaintiff's complaint within twenty (20) days. Clerk will notify counsel.