

# The Attorney General of Texas

November 14, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Thomas F. Lee
District Attorney, 63rd Judicial District
P. O. Box 1405
Del Rio, Texas 78840

Opinion No. MW-83

Re: Whether a police officer suspended for fifteen days or less under article 1269m, V.T.C.S., may appeal to the Civil Service Commission.

Dear Mr. Lee:

You have requested our opinion concerning whether a police officer can appeal a disciplinary suspension of fifteen days or less to the city civil service commission under article 1269m, V.T.C.S.

Article 1269m, V.T.C.S., establishes a Firemen's and Policemen's Civil Service in all cities having a population of ten thousand (10,000) or more inhabitants. Article 1269m, section 20, V.T.C.S., provides that:

> The head of either the Fire or Police Department shall have the power to suspend any officer or employee under his jurisdiction or supervision for disciplinary purposes, for reasonable periods, not to exceed fifteen (15) days; provided that in every such case, the department head shall file with the [Civil Service] Commission within one hundred and twenty (120) hours, a written statement of action, and the Commission shall have the power to investigate and to determine whether just cause exists therefor. . . . The [Civil Service] Commission shall have the power to reverse the decision of the department head and to instruct him immediately to restore such employee to his position. . . .

While section 16 of this act provides a right to appeal indefinite suspensions to the commission, there is no right of appeal of disciplinary suspensions which do not exceed fifteen days. In Fox v. Carr, 552 S.W.2d 885 (Tex. Civ. App. — Texarkana 1977, no writ), the court stated:

> But Section 20, which authorizes a department head to order disciplinary suspensions of less than fifteen

(15) days, provides only that, on receiving notice of such a disciplinary suspension, the civil service commission shall have the 'power to investigate and to determine whether just cause exists therefor', and may reverse the order. There is no provision requiring a full and complete hearing in the case of disciplinary suspensions, as is provided in Sections 16 and 19 for indefinite suspensions and demotions.

. . . .

If the legislature did not intend to treat indefinite suspensions and disciplinary suspensions differently with regard to their appealability, it is difficult to understand why it would have treated them differently at all.

Id. at 887. See also City of Wichita Falls v. Harris, 532 S.W.2d 653 (Tex. Civ. App. — Fort Worth 1975, writ ref'd n.r.e.).

A public employee is not categorically entitled to a hearing in all disciplinary proceedings. Employment under article 1269m, V.T.C.S., the Firemen's and Policemen's Civil Service Act, "is not property and the right to it is not a property right protected by due process." City of Amarillo v. Hancock, 239 S.W.2d 788, 792 (Tex. 1951). But see Davis v. Nuss, 432 F. Supp. 44 (S.D. Tex. 1977) (property right to continued employment may be conferred by provisions of city charter). Since there is no statutory right to appeal and since employment under article 1269m, V.T.C.S., does not constitute property for purposes of the due process clause, there is normally no right to appeal disciplinary suspensions of fifteen days or less.

However, a hearing may be necessary in certain cases. "A hearing is constitutionally required, ... when the stated reason for a public employee's discharge is an allegation that he is guilty of immoral or dishonest conduct or other behavior that might tend to stigmatize him or to lower his standing in the eyes of the community." Robison v. Wichita Falls & North Texas Community Action Corp., 507 F.2d 245, 251 (5th Cir. 1975). The rule outlined by the United States Supreme Court states:

[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.

Board of Regents of State Colleges v. Roth, 408 U.S. 564, 573 (1972). This rule has been applied to require a hearing in a disciplinary suspension under section 20, article 1269m, V.T.C.S., where the charges affect the employee's professional reputation due to widely publicized remarks by the department or affect future employment by being included in an otherwise creditable employment record. Crawford v. City of Houston, 386 F. Supp. 187 (S.D. Tex. 1974). In such cases, the employee will be entitled to a hearing for the narrow purpose of vindicating his reputation. Robison, supra. Such a hearing would normally be before the commission.

## SUMMARY

A police officer has no statutory right to appeal a disciplinary suspension of fifteen days or less to the City Civil Service Commission under article 1269m, V.T.C.S. However, a hearing may be required by due process when the suspension results from charges which affect the officer's professional reputation or otherwise creditable employment record.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Jim Allison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid